# Allentown School District *versus* Derr.

A school district issued bonds payable "in twenty-five years after date with interest," payable semi-annually. Attached to the bonds were interest coupons for twenty-five years. Each bond also contained the following clause, "this bond will be redeemed if desired twelve years after date." Twelve years after date the school district desired to redeem the bonds and tendered payment to the holder thereof, which was refused. In an action of debt, by one of the holders of these bonds, for interest accruing on the same after said tender of payment. *Held (a)* that "*in* twenty-five years" could not be construed to mean "*within* twenty-five years." (*b*) That the option to make the bonds payable twelve years after date was an option in favor of, and to be exercised only by, the holders of the bonds.

February 16th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January Term 1887, No. 250.

Debt by P. B. Derr, administrator of the estate of Levi B. Derr, deceased, against the Allentown School District. Plea, *nil debet.*

The following are the facts of the case as they appeared on the trial before ALBRIGHT, P. J.

In 1874, the Allentown School District issued bonds of the following tenor:

$500.00.        UNITED STATES OF AMERICA.        No. 249.
STATE OF PENNSYLVANIA.

THE ALLENTOWN SCHOOL DISTRICT OF THE CITY OF ALLENTOWN, established by the laws of Pennsylvania, acknowledges, to owe and promises to pay to Levi B. Derr, the bearer, at its office in the city of Allentown, Pa., the sum of five hundred dollars in twenty-five years after date with interest, from the second day of January, 1874, at the rate of seven per centum per annum, payable semi-annually, on the first days of January and July each year, free from taxation under the laws of Pennsylvania, upon the delivery of the annexed coupons at the office of the School Board in the city of Allentown, Pa. In witness whereof the said The Allentown School District has caused this bond to be attested in its behalf by the President and Secretary of the Board of Comptrollers, and the corporate seal to be hereunto annexed, at its office in the said city, this first day of January, A. D. 1874. This bond will be redeemed if desired, twelve years after date.

(Signed)                WILLIAM J. EGGE,
*President of the Board of Comptrollers.*
WILLIAM S. YOUNG,
*Secretary of the Board of Comptrollers.*
S. W. BURCAW, *Treasurer.*

Seal of the School District is attached.

The coupons attached running for twenty-five years are as follows:

The Allentown School District of the city of Allentown will pay to bearer, at the office of its Treasurer in the city of Allentown, three dollars and fifty cents for six months interest due July 1st, 1886, on bond No. 104, dated January 1st, 1874.

(Signed)        WILLIAM J. EGGE, *President.*
$3.50.                WILLIAM S. YOUNG, *Secretary.*

Levi B. Derr, now deceased, held a number of these bonds.

In 1886, the Allentown School District resolved to pay the bonds, and accordingly tendered him the principal and interest in full. He declined to receive it and this suit was brought.

The plaintiffs in error contended that by the terms of the bond they agreed to pay "in twenty-five years after date," and

thereby had the option at any time within that period to redeem them.

The defendant in error maintained that the bond contained no option for the plaintiff, and could not be paid until the expiration of twenty-five years, unless he in the exercise of his option at the expiration of twelve years demanded it.

The court sustained the contention of the defendant in error and directed a verdict for him. Verdict for the plaintiff in the sum of $121.97. The defendant moved for a new trial, which the court overruled, filing the following opinion:

The plaintiff is the holder of several certificates of indebtedness of the Allentown School District, with interest coupons attached, dated the 1st day of January, 1874. The plaintiff contends that by the terms of the certificates or bonds, as they are called in the instruments, the principal was payable at the end of twenty-five years, with the holder's option to demand payment thereof at the end of twelve years, while the defendant insists that the terms respecting payment mean that the District had the right to pay the principal at any time, or at least to pay at the expiration of twelve years from the date of the instrument.

Each bond sets forth that the District acknowledges to owe and promises to pay to the bearer the principal therein mentioned *in twenty-five years after date,* with interest from the second day of January, 1874, at the rate of seven per centum per annum, payable semi-annually, free from taxation, upon the delivery of the annexed coupons, and that "This bond will be redeemed if desired in twelve years after date."

At the end of the twelve years, all the coupons for interest up to that time having been paid, the School District tendered to the plaintiff the principal sums named in the bonds. The plaintiff refused to accept what was tendered. On July 19th, 1886, he brought suit upon certain coupons for interest that accrued after the date of said tender.

Thus, there was presented the question whether the District, by the terms of the bond, had a right to pay the principal at the end of twelve years, the holder being unwilling to accept it. If such right existed then the plaintiff could not recover, because in that event the tender operated to relieve from the liability to pay interest afterwards, while on the other hand, if the District had not the right to discharge the debt at that time, then it owed the interest claimed.

Upon the trial the court ruled said question in plaintiff's favor, instructed the jury to find for the plaintiff, and a verdict in accordance with said instruction was rendered. Whether or not that ruling was correct is the only question raised upon this rule for a new trial.

Defendant's counsel contend in the first place that the promise to pay " in twenty-five years after date " gave the debtor the privilege to pay at any time within the twenty-five years, that in, as here used, is equivalent to within, and, further, that if that point is decided against them that it must be held that the option given by the clause above quoted is an option exercisable by the debtor—that " redeemed if desired " means if desired by the Board of Controllers.

If the draughtsman of the bond had written that the School District promises to pay twenty-five years after date, had not used the word in, there would have been no room for doubt.

If it had been written that the principal was to be paid in twenty-five years, what meaning would have been conveyed? That it was a promise to pay at the end of twenty-five years. If a person promises to call in an hour it does not convey the idea that his visit may be expected in five, ten or fifty minutes, but at the end of the hour. A contract to deliver corporation stock, or wheat, or coal, in thirty days, would hardly be taken to mean that the stock or commodity could be thrown on the buyer's hands any day within the thirty. A promise to pay in twenty-five years or in twenty-five years after date means at the expiration of twenty-five years.

The meaning of the other disputed phrase is equally plain when it is considered that the language is that of the promissor and is in a sense addressed to the promisee—is intended to apprise the party who lent his money to the District of the terms of the certificate or bond given as evidence of the indebtedness. The District promises to pay twenty-five years after date. To this is added a further promise, that the Controllers will redeem the first and main promise—the bond or pledge of the District—by paying in twelve years if the promissee wishes it.

Webster's definition of desired is wished for; coveted; requested; entreated. If the whole composition of the bond is regarded, it is evident, I think, that the word desired is the synonym of wished for and of requested, and that the option is to be exercised by the holder of the bond, not by its maker.

Even if it were conceded that the instrument is ambiguous as to the time of payment, the question here presented would have to be decided against the defendant. It is a maxim of law that the words of an instrument are to be taken most strongly against the party employing them: Broom's Legal Maxims, 456; White *v.* Smith, 33 Pa. St., 186; Klaer *v.* Ridgway, 5 N., 534. The reason for the rule is that the principle of self-preservation will make men sufficiently careful not to prejudice their own interest by the too extensive meaning of their words, for men would always affect ambiguous and intricate expres-

sions, provided they were afterwards at liberty to put their own constructions upon them. Moreover the adoption of this rule puts an end to many questions and doubts, which would otherwise arise as to the meaning and intention of the parties, which, in the absence of it, might be differently construed by different judges; and it tends to quiet possession, by taking acts and conveyances executed beneficially for the grantees and possessors.

Inasmuch as the dispute here is whether the promissor or promisee shall have the privilege to exercise the option of regarding the bonds due earlier than the time first stipulated, the rule of law referred to gives the option to the holder of the bond.

It is the duty of the court to construe a writing in evidence.

The instruction to the jury, concerning the meaning of the bond, was correct; the reasons for a new trial are not sustained.

Judgment was thereupon entered upon the verdict, whereupon the defendant took this writ and assigned for error the instruction of the court to the jury to find a verdict for the plaintiff.

*C. J. Erdman* (*T. F. Dieffinderfer*) with him), for plaintiff in error.—"In" means "within"—and this Webster defines to mean—in the limits or compass of—not longer in time than as "within an hour."

The School District says it will pay in twenty-five years— that is, within twenty-five years. It has an option for twenty-four years, but must pay after the twenty-five years have expired.

Bonds which do not express the intention of the obligor to have an option are written "promise to pay at the expiration of twenty-five years," or designate a day certain when payment will be made.

After twelve years the holder, likewise, has an option. He can call for the principal and the School District must pay. For the remaining years of the bond either party has a right to terminate their relation.

United States government bonds contain the phrase: "Redeemable after five and payable twenty years from date," by which it is understood that the government had the option after five years and was compelled to pay at the expiration of twenty. There is much significance in the use of the words "redeemable" and "payable." The former has reference to the option of the obligor and the latter to the rights of the holder.

Applying this distinction to the phrase in the bond in question, "this bond will be redeemed in twelve years if desired,"

we must conclude that this likewise gave an option to the School District, even if it was not given in the first part.   For if "desired" gave the option to the holder only, it would have been written, "this bond will be paid in twelve years if desired."

*R. E. Wright (J. Marshall Wright* with him), for defendant in error.—It is not provided in the bond that the School District reserves the right to redeem the bond if it *desires*, but a promise that it will redeem it if *desired*.

This seems to be the clear meaning of the language without the aid of any rule of law, but if it be doubtful whether it was intended that the School District or the holder should have the power to determine whether the bond should or should not be redeemed at the end of twelve years, the doubt must be resolved against the School District because the language is theirs and must be taken against them most strongly.

In Wharton on Contracts, vol. 2, Sec. 670, it is said, that "When a party introduces an expression having two meanings, one larger, the other more limited and each equally probable, he cannot, after an acceptance by the other contracting party, set up the narrower construction. . . . . . They are the words of the party who used them and must be construed against him. . . . . . Thus when authority was given to A to draw on B at ten on twelve days, nothing in the letter showing whether after date or after sight was meant, held that A was entitled to elect the construction most promotive of his interests."

In White *v.* Smith, 9 Casey, 186; Buson *v.* Pattison, 12 Casey, 24, and Klaer *v.* Ridgway, 5 Norris, 534, this doctrine is most strongly asserted and enforced.

The plaintiff in error contends that because the bond provides that the School District will pay "*in* twenty years," it has the right to pay it any time during the twenty years, in short, that while it may postpone payment for twenty-five years, it has the right to pay the day after the bond is issued. Of course, so absurd a result was not intended by the parties, it may be that the grammar of the sentence is faulty, but one will find this mistake constantly made where the German language is spoken.

Mr. Justice STERRETT delivered the opinion of the court, February 28th, 1887.

In the language of its bonds, the "Allentown School District acknowledges to owe and promises to pay to Levi B. Derr, the bearer, the sum of five hundred dollars in twenty-five years after date, with interest from the second day of January, 1874, at the rate of seven per centum per annum, payable

semi-annually on the first days of January and July each year
. . . . . upon the delivery of the annexed coupons at the office
of the school board in the city of Allentown, Pa. . . . . . This
bond will be redeemed, if desired, twelve years after date."
To this were attached fifty coupons—one for each semi-annual
payment of interest—promising, in the following form, to pay
" bearer three dollars and fifty cents for six months' interest,
due——on bond No.——, dated January 1st, 1874." Levi B.
Derr was the owner of several bonds, of same date and simi-
lar tenor, which upon his decease passed into the hands of his
administrator, plaintiff below. The sole contention is as to
the construction of the bonds.

The school district, prompted perhaps by the thought that
the rate of interest contracted for is considerably higher than
has been ruling during the past few years, claimed it had the
right, according to the terms of the bonds, to pay them at any
time within the twenty-five years, and accordingly tendered
defendant in error the principal and accrued interest of the
bonds, held by him and demanded their surrender. On the
other hand, he claimed the principal was not due and payable
until the expiration of that period, unless the holder elected
to exercise the option, given him by the last sentence in the
bonds, to demand payment at expiration of twelve years from
their date. He therefore refused to accept the tender and
surrender the bonds with the immatured coupons attached,
and subsequently brought suit on the past due coupons. The
defence was that interest was suspended by the tender; and
thus arose the only question in the case.

The learned president of the common pleas, adopting the
construction contended for by plaintiff below, refused to
charge as requested, that "under all the evidence the verdict
should be for defendant," and directed a verdict for amount
of past due coupons and interest thereon in favor of plaintiff.
In thus charging, we think he was clearly right, for reasons
given in his opinion refusing new trial.

The bonds, on their face, purport to have been issued as
security for a twenty-five years loan. The semi-annual inter-
est for that entire period is provided for by the coupons
attached to and forming part of each bond ; and there is noth-
ing to indicate that the school district has any right to pay
the principal before the expiration of the time named. The
declaration at the close of each bond that it " will be redeemed,
if desired, twelve years after date," is evidently intended for
the benefit of the holder alone, giving him the option of de-
manding payment of the principal at expiration of twelve
years. If he then desired payment, the school district was
bound, on his demand, but not of its own motion, to redeem

the bonds by paying the principal and accrued interest. If it were not for the word "in," before the words, "twenty-five years after date," there would be nothing on which to hang even a doubt as to the meaning of the last quoted expression. It is contended the word "in" is used in the sense of "within," or "at any time during," &c. While it may be sometimes employed in that sense, we do not think it was so intended in the bonds under consideration; but, if there should be any uncertainty as to the sense in which it was used, the doubt should be resolved in favor of the obligee: Whart. on Cont. § 670; White *v.* Smith, 33 Pa., 186; Beeson *v.* Patterson, 36 Id., 24; Klaer *v.* Ridgway, 86 Id., 529. But, we do not think the meaning of the bonds, as to time of payment, is in any manner affected by the use of the word in question. "Payable in one and two years," is not an uncommon form of expression in *memoranda* of agreements and other writings, and is always understood to mean at the expiration of one and two years respectively. Speaking of the usual form of negotiable instruments in England and elsewhere Mr. Chitty in his valuable work on bills, &c., says: In America, a common form is, "I promise to pay A. B. or order, one thousand dollars in four months." Mr. Parsons also gives the form of a foreign bill of exchange, thus: "New York, January 5th, 1857. Value received, please pay A. or order, one thousand pounds in sixty days after sight," &c.: Chitty Bills, 516; 1 Parsons Notes and Bills, 21, 63.

It was undoubtedly the duty of the court to construe the bonds. There was no conflict of evidence; and we are satisfied the learned judge was right, not only in refusing to charge as requested by defendant below, but also in directing the jury to find in favor of plaintiff for amount of the past due coupons and interest thereon. Neither of the specifications of error is sustained.

Judgment affirmed.