# Williams *v.* Leach et al., Appellants.

*Agency—Mortgages—Payment to agent—Embezzlement—Repudiation of agent.*

On the trial of a feigned issue, on rule to open a judgment entered upon confession contained in a bond accompanying the mortgage, it appeared that the plaintiff had loaned the defendants, through the medium of a third party, one thousand ($1,000) dollars, secured by mortgage. The defendants paid the whole of the said sum to the persons who had negotiated the loan, who afterwards embezzled the money. Upon the discovery of the default, the plaintiff first tried to collect from the agents, and after failure so to do, entered judgment against the defendants. Under such circumstances, the question of whether or not the third parties were agents for the plaintiff was a question for the jury, and it was error for the trial judge to enter judgment for the plaintiff non obstante veredicto.

Argued March 1, 1920. Appeal, No. 8, March T., 1920, by defendants, from judgment of C. P. Luzerne Co., March T., 1917, No. 835, for plaintiff non obstante veredicto in case of Sylvester Williams v. Mary A. Leach, Jennie E. Leach, Helen G. Leach, Margaret A. Leach, George L. Leach, John L. Gilbride, and Catherine Gilbride. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Issue on petition to open judgment. Before WOODWARD, J.

The facts appear in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendants. Subsequently the court, on motion, entered a judgment for the plaintiff, non obstante veredicto, for the amount of the mortgage with interest.

*Error assigned* was in entering judgment for the plaintiff, non obstante veredicto.

*James Stack,* and with him *Charles F. McHigh,* for appellants.

*D. O. Coughlin,* and with him *W. J. Butler,* for appellee.

OPINION BY TREXLER, J., April 24, 1920:

Frank W. Larned & Son negotiated a loan of $1,000, from the plaintiff to the defendant which loan was secured by bond and mortgage payable "in five years." The Larneds attended to the entire transaction and subsequently collected the interest from time to time and paid it over to the plaintiff. In September, 1912, defendants paid Larned & Son $300 on account of the principal of the mortgage and thereafter other sums until December 16, 1916, when the final payment was made. Larned & Son failed to pay over these sums and in concealment of their dishonesty from time to time paid amounts equivalent to the interest on the entire sum. Shortly after the last payment was made the husband of one of the mortgagors wrote to the plaintiff informing him that since the mortgage was paid it should be satisfied.   What transpired afterwards between the plaintiff and Larned & Son we will refer to later.

Judgment was entered on the warrant of attorney which was afterwards opened and the matter submitted to a jury who found for the defendant. The court entered judgment n. o. v. for the plaintiff for the amount of the mortgage and interest. At the trial the learned trial judge held that the words "in five years" gave the mortgagors the right to pay the money at any time in five years and that the installments were paid according to the tenor of the bond. In entering judgment n. o. v. the court stated that in construing the above words as permitting payment within the time he followed Horstman v. Gerker, 49 Pa. 282, but that after trial his attention was called to Allentown School District v. Derr, 115 Pa. 439, which he concluded decided the contrary.

We do not consider that this was the determining factor in this case. Whether the mortgage was due or not, the mortgagee could receive payment at any time either by himself or agent. The parties to the instrument were sui juris and could do as they pleased with their own. If his agent received the money by his authority he was bound by the fact. The extent of the agent's authority could be found by the acts of the principal. We think there was sufficient testimony to warrant a submission of the case to the jury. Where agency is to be implied from the conduct of the parties, or is to be established by witnesses, the fact and scope of the agency are for the jury: Birkle v. Coleman, 50 Pa. Superior Ct. 105. We will briefly refer to the evidence in regard to the ratification of the acts of the agent. After Williams, the plaintiff, received notice of the failure of Larneds to pay the money over to him, by a letter sent to him by the husband of one of the mortgagors, he did not repudiate the act of his agent but went to Wilkes-Barre, and after interviewing his informant saw one of the Larneds in order to collect the money from him and afterward made repeated demands on him. After the expiration of almost a month he went before a justice of the peace to whom he stated the facts that Larneds had collected money belonging to him and that he wanted a warrant for their arrest, and in the information he says, "that Frank W. Larned, and Lewis M. Larned, being the attorneys and brokers for said deponent, and being entrusted for safe custody with $1,000, belonging to the said deponent, did, with intent to defraud, convert to their own use." He endeavored to settle with the Larneds and took an assignment of a mortgage which was to be in payment of the claim if found to be satisfactory. The mortgage was not of any value, if it had been he would have kept it. After all his efforts to collect from the Larneds or to obtain security from them had failed, he demanded payment of the defendants and repudiated the acts of Larned & Son. There was certainly enough in this case to

272, (1920).]        Opinion of the Court.

warrant the jury in believing that Larned & Son were authorized to collect the principal. The plaintiff, after the money was collected, recognized them and ratified the act. At least that conclusion reasonably follows and this is so irrespective of the term of the mortgage and bond, and the jury was warranted in finding as it stated "that F. W. Larned & Son was the agent of Sylvester Williams."

The judgment is reversed and the record remitted with instructions to enter judgment upon the verdict.