LYDIA A. WAY v. E. G. MARTIN.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 9, 1891—Decided March 9, 1891.

1. The testimony submitted in an action for the breach of a warranty, on a contract of sale, showing that the negotiations occupied several interviews between the parties, it was error to confine the jury to the evidence of a warranty made at the time the sale was consummated.
2. It was for the jury to say, in such case, whether the sale was made on the faith of the warranty alleged; and, to determine this question, they should have been directed to consider all that passed between the parties during the negotiations, in relation to the terms of the sale.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 58 July Term 1890, Sup. Ct.; court below, No. 63 August Term 1889, C. P.

On July 9, 1889, Lydia A. Way brought trespass against E. G. Martin, to recover damages for the breach of a warranty by

Arguments.

the defendant on the sale of a horse to the plaintiff. The plea was, not guilty.*

At the trial on February 27, 1890, the plaintiff introduced testimony to the effect that two or three times between April 25 and May 2, 1889, the defendant called upon the plaintiff, to sell her the horse in controversy, offering to warrant him to be safe, quiet, and suitable for a woman to drive, and that on May 2d the bargain was concluded, the purchase money, $120, paid, and the horse delivered to the plaintiff; that subsequently the horse was found to be unsafe and unsuitable; and that about a month after the purchase the plaintiff was obliged to give the horse to a neighbor to keep for her, after having offered to return him to the defendant in the meantime. The defendant admitted that he had represented the horse to be safe, quiet, and suitable, etc., but denied that he had made a warranty or guaranty to that effect.

At the close of the testimony the court, HEMPHILL, J., charged the jury in part as follows:

There were but three witnesses present at the time this sale was made. [It was on the second day of May; so, if there was a warranty, it must be made at the time of the sale. And so it becomes important, in ascertaining whether this horse was warranted or not, to ascertain what was said and what was done at the time of the sale;] [1] and whether there was a contract of warranty entered into on one side or the other. . . . .

—The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, specifying that the court erred:

1. In the portion of the charge embraced in [ ] [1]

2. In submitting to the jury the fact of warranty as a question in dispute, as appears in the portion of the charge in [ ] [1]

*Mr. W. S. Harris,* for the appellant.

Counsel cited: Shaffner v. Fishburn, 1 Pears. 127; Ayres v.

---

* The plaintiff's case, on the evidence, tended to establish not only a warranty, but a deceit. No question seemed to have been raised as to the form of the action, and the statement of claim was not printed in the paper-books.

Findley, 1 Pa. 501; Wilmot v. Hurd, 1 Wend. 586; Wood v. Smith, 4 C. & P. 45; Oneida Soc. v. Laurence, 4 Cow. 440; Hawkins v. Pemberton, 51 N. Y. 202 (10 Am. Rep. 595); Stone v. Denny, 4 Metc. 151.

*Mr. John J. Gheen*, for the appellee, filed no brief.

Opinion, Mr. Justice Green:

The two assignments of error raise but one question, to wit, whether the learned court below was in error in confining the testimony as to the alleged warranty to the very day of the sale. There is no serious difference in the testimony as to the fact of a guaranty by the defendant. Several of the witnesses say he used the word "guarantee," and the plaintiff testified that she bought the horse on the defendant's guaranty. But the negotiations which resulted in the sale on May 2d, commenced a few days before, when the defendant called upon the plaintiff for the purpose of selling her the horse. It was then that the representations of the defendant as to the character of the horse were first made, and the plaintiff testified that when she saw him the next time he "guarantied the horse the same as before." After that, she met him once or twice until the transaction was closed by the sale on May 2d, at which time the money was paid. As the negotiation was a continuing one from the time of the first interview, there is no reason why the testimony in regard to the warranty at any of the interviews should be excluded. There does not appear to have been much said on the day of sale, but certainly the jury would have a right to infer that what was said by the defendant in the course of the negotiations, as an inducement to the sale, by way of guaranty, whether on the day of sale, or shortly before, was operative with the plaintiff and induced her to make the purchase. It was entirely for the jury to say whether the sale was made on the faith of the alleged warranty; and, to determine this question, they should know all that passed between the parties in relation to the terms of the sale. The very point seems to have been decided in Wilmot v. Hurd, 11 Wend. 586. The assignments of error are sustained.

Judgment reversed, and venire de novo awarded.