# Selig *v.* Rehfuss.

*Contract—Evidence—Parol evidence.*

Where a contract in writing shows upon its face that it is not the whole contract between the parties, and does not purport to be a complete agreement, parol evidence is admissible to show what was the whole contract and the same then becomes all parol.

Where a letter confirming an order for machines refers to a conversation, parol evidence is admissible to show, that in the conversation referred to, the defendant warranted the machines not to be an infringement on the patents of certain other machines mentioned in the conversation.

*Evidence—Letter—Declarations.*

A letter addressed by plaintiffs to defendants relating to the subject-matter of the litigation is admissible in evidence, notwithstanding the fact that it contains declarations of the plaintiffs in their own favor.

*Warranty—Contract—Infringement of patent.*

Where a seller of machines warrants them as not infringing other patented machines, the purchaser has a right to return the machines as soon as the infringement is judicially ascertained, and what the value of the machines might be without the part covered by the patent of the other machine, is not material.

*Appeals—Pleading—Trial on merits.*

The Supreme Court will not reverse a judgment on a verdict where the case has been properly disposed of on its merits, and the record shows no objection made at the trial to an alleged defect in the pleadings.

Argued Jan. 4, 1900. Appeal, No. 173, Jan. T., 1899, by defendants, in suit of Selig & Kaufman v. George Rehfuss & Sons, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 15, on verdict for plaintiffs. Before GREEN, C. J., MCCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for breach of contract. Before SULZBERGER, J.

At the trial it appeared that the defendants sold to plaintiffs a number of machines for making buttons. Plaintiffs alleged that these machines were bought by them under warranty that they did not infringe on the machines made under the Cleret patent. After they had put the machines into operation, the circuit court of the United States issued an injunction restraining their use. Subsequently plaintiffs offered to return the

machines, and demanded back the purchase money, and payment for the damages which they had sustained. On July 9, 1896, the plaintiffs wrote to the defendants the following letter which was admitted under objection and exception. [8]

"PHILA., July 9th, 1896.

"Mess. GEO. REHFUSS & SONS,
1315-17 Tiernan St., Phila.

"Gentlemen: Under the advice of our present counsel, we have to state that we do not feel like expending any additional moneys in appealing the case from the decision of Judge ACHESON, and in the Circuit Court of the United States, in the matter of the patent of Jules Cleret.

"We do however feel that it is your duty to appeal this case, unless you are satisfied that the decision of the Court declaring the machines sold to us by you, to be an infringement upon Cleret's patent is correct, and that you should save us harmless from the payment of royalty or damage, and also return to us the money which we have paid for these machines, in the event of this decision standing as law.

"You will remember you agreed to build and furnish us with a machine capable of doing the work, and which should not be an infringement upon Cleret's patent. We paid you the money on the faith of your representations and agreement to do so, and if this decree stands, the machines are absolutely worthless to us.

"We take this opportunity of thus placing the matter fairly before you, in order that you may see the position we propose to take in the event that the decision is allowed to stand unappealed from, or unreversed. As heretofore stated by us in the very beginning of this case, we thought it your duty to protect us against any loss by reason of the purchase of these machines from you.

"Yours truly,
"SELIG & KAUFMAN."

When J. George Rehfuss was on the stand he was asked this question:

"Q. If the parts of that machine called the Rehfuss machine, which were determined to be an infringement of the Cleret pat-

ent, were eliminated from the machine, what would be the value of the machine ? "

Objected to. Objection sustained. Exception. [9]

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,650. Defendants appealed.

*Errors assigned* were (1–7) rulings on evidence relating to the warranty; (8) in admitting the letter of July 9, 1896; (9) in refusing to admit the evidence of J. George Rehfuss; (10) in refusing a request to give binding instructions for defendants, based on the ground that the action was in assumpsit, while the statement was in deceit.

*Frederick L. Breitinger* with him *Benjamin Daniels*, for appellants.—Where a contract of sale is in writing, and contains no warranty, parol evidence is not admissible to add a warranty: Lamson Consolidated Store Service Co. v. Hartung, 19 N. Y. Supp. 233; Kansas Refrigerator Co. v. Pert, 42 Pac. Repr. 943; Diebold Safe & Lock Co. v. Huston, 39 Pac. Repr. 1035; Van Ostrand v. Reed, 1 Wend. 424; Merriam v. Field, 24 Wis. 640; DeWitt v. Berry, 134 U. S. 312; Milwaukee Boiler Co. v. Duncan, 87 Wis. 120; Benj. on Sales, sec. 621; 1 Parsons on Contracts, 589; Restein v. Graf, 41 Leg. Int. 134.

Parol evidence cannot be admitted to alter, vary, or contradict a written instrument in the absence of fraud, accident or mistake: Martin v. Berens, 67 Pa. 459; Thorne v. Warfflein, 100 Pa. 519; Randall & Co. v. Rhodes, 1 Curtis' Circuit Ct. Reps. 90; Dixon-Woods Co. v. Philips Glass Co., 169 Pa. 167; Dickson v. Hartman Mfg. Co., 179 Pa. 343; American Elec. Construction Co. v. Consumers' Gas Co., 47 Fed. Repr. 43.

The ordinary rules regarding the measure of damages for breach of warranty cannot be applied in this case. A warranty against infringement of patent is not a warranty of title, quality, or condition, but a warranty of an uninterrupted use of the article sold: Electro Dynamic Co. v. Electron, 74 Fed. Repr. 689; Lowman v. Excelsior Stove Pattern Co., 16 So. Repr. 17.

The true measure of damages should have been the difference between the contract price and the value with the grinder

left off, and the appellants should have been permitted to show that value: Hooper v. Story, 155 N. Y. 171; Krumbharr v. Birch, 83 Pa. 426.

*W. Horace Hepburn*, for appellees.—Where an order refers to a conversation, or an agreement not embraced in the written paper, parol evidence of such an agreement or conversation is evidence: Holt v. Pie, 120 Pa. 425; Driesbach v. Lewisburg Bridge Co., 81 Pa. 177; Schwab v. Ginkinger, 181 Pa. 98; Ferguson v. Rafferty, 128 Pa. 337.

That the plaintiff, in an action for a breach of warranty may show the negotiations leading up to the final agreement, would seem to be settled by the following cases: Way v. Martin, 140 Pa. 499; Mining Co. v. Jones, 108 Pa. 65.

That the written notice to a plaintiff or defendant respecting the subject of controversy, such as was given in the present case, is evidence, notwithstanding the fact that the notice contains a reference to certain facts in the cause, would seem to have been decided by the following case: Crossgrove v. Himmelrich, 54 Pa. 203.

OPINION BY MR. JUSTICE BROWN, March 26, 1900:

The appellees were manufacturers of covered and pearl buttons. Appellants manufactured special machinery, and appellees purchased from them a number of machines, to be used in their business. During the negotiations leading up to the order for these machines, their infringement upon what was known as the "Cleret" patent was discussed by the parties. Finally, on November 16, 1894, an order was given by the appellees for ten machines, one already having been received by them, and, according to the testimony of Morris A. Kaufman, one of the plaintiffs, after he had given a verbal order for them, at the instance of George Rehfuss, one of the defendants, he sent the latter's firm the following letter:

"PHILADELPHIA, Nov. 16, 1894.
"Messrs. GEO. REHFUSS & SONS, Phila.,

"Gentlemen: As per conversation had with your Mr. Rehfuss to-day, we confirm our order for ten more Pearl Button Machines, like the sample you made for us, this making, eleven

machines in all. It is understood that any slight changes which may be necessary to make the machine more perfect, such as the changing of the handle bar etc., will be made by you, free of expense to us, the price per machine to be $150 as agreed upon.

"Yours truly,

"SELIG & KAUFMAN."

Before giving the order for these machines, and before this letter was written, Kaufman testifies : " I again spoke about my fear that, on account of that machine looking so much like the Cleret machine, that I was afraid of it; I was afraid it might be construed as being an infringement of the Cleret patent; and he says: 'You need have no fear of that; we will guarantee that it is not an infringement; we will sell you these machines, and we will guarantee them not to be an infringement of the Cleret patent.' " The order was then given and the letter written. Subsequently, it was judicially determined that the machines so purchased and paid for by the plaintiffs were infringements upon the Cleret patent. Damages were recovered for their use, whereupon they were returned to the defendants, and this suit was brought to recover for the loss sustained. On the trial, plaintiffs insisted that, by the terms of their contract, there had been an express warranty by the defendants that the machines would not infringe upon the patent, and the defense was, that, as the letter of November 16, 1894, made the contract a written one, containing no warranty, parol evidence was not admissible to sustain the claim asserted.

It is true that the letter contains no guaranty; but there is unmistakable evidence on its face that it was but a part of the contract. Attention has already been called to the testimony of Kaufman, who is fully corroborated by Garvin. The latter says that, on the day the order was given, " Mr. Kaufman called Mr. Rehfuss's attention to the similarity of the machines, and said that he did not care to get in any trouble from them. Mr. Rehfuss said: 'My dear sir, we are expert experimental machinists, and have been in the business for a great many years; know just exactly what we are talking about; and we will guarantee that this is no infringement of the Cleret patent. If ever these people bother you, send them to us, and we will fight them in the courts.' " The letter of November 16, 1894,

stating that, " As per conversation had with your Mr. Rehfuss today we confirm our order for ten more Pearl Button Machines like the sample you made for us, thus making eleven machines in all," the offers of the plaintiff to prove what this conversation was, were to make clear that part of the contract not embodied in the letter, and were properly allowed by the court. The offers were not to vary the terms of a contract fully and clearly set forth in writing, nor to incorporate that which had been omitted by fraud, accident or mistake, but simply to prove the whole contract, of which the letter was evidence of only a part. The learned trial judge correctly entertaining this view of the letter, properly said to the jury : " There is only one word I want to say to you about the question of the writing. On November 16, you remember, the order was given in writing, but the writing referred to a conversation, and it is only for that reason that it is for the jury to interpret the whole affair. The writing itself referring to a conversation, I am bound to let the conversation go before you for your judgment, and, when that goes before you for your judgment, you must take it in connection with the writing, and judge them together. The writing is undoubtedly an order for the ten extra machines, and the mere fact that the warranty is not written in the paper is not conclusive against the plaintiffs. The law of Pennsylvania does allow a collateral oral contract to be proved in the manner in which this has been attempted to be proved by the plaintiffs, so that you are at liberty to find, notwithstanding the fact that the warranty is not in the paper, that such warranty was made, if you believe, from the evidence submitted to you, that it was made."

The offers to show exactly what the terms of the contract were having been properly allowed by the learned trial judge, the foregoing instructions to the jury were manifestly correct. They were in accordance with what was held in Holt v. Pie, 120 Pa. 425, where the late Justice WILLIAMS said : " So far as this order and acceptance express terms, they constitute the contract between the parties. They fix the amount of lumber to be furnished ; the size into which it is to be cut ; the kind of finish, and the price on the cars. But the order refers to a ' verbal agreement of some days ago,' and professes to be in confirmation of it. It does not profess to recite that agreement,

or be a substitute for it, but to confirm, or conform to it. The offer to prove what that verbal contract was, as to any omitted terms or stipulations, was not, therefore, an effort to change the terms of a written agreement but to show the whole agreement, of which the letters were but part. This the court refused permission to do, unless it was first shown that the stipulations not found in the letters were omitted by fraud, accident or mistake. But this was not alleged. The letters consist of Holt's order, telling what lumber he wanted, and at what price, and of Pie's acceptance of the order and promise to cut the lumber as soon as possible. So far, the verbal agreement was reduced to writing, or 'confirmed'; but whatever else there was of the agreement, the jury had a right to know. The offer was not to alter the agreement contained in the letters, but to prove the actual contract, in conformity with which the letters had been written, so that the jury might understand what it was as to such subjects as were not within the range or purview of the order and acceptance." To the foregoing authority might be added Driesbach v. Lewisburg Bridge Co., 81* Pa. 177, and Schwab v. Ginkinger, 181 Pa. 8, in which the present chief justice held held that, where a contract in writing shows upon its face that it is not the whole contract between the parties, and does not purport to be a complete agreement, parol evidence is admissible to show what was the whole contract, and the same then becomes all parol. The defendants having denied the warranty relied upon by the plaintiffs, the disputed question was, under the evidence, properly submitted to the jury, under correct instructions. There had been negotiations for some days between the parties prior to November 16, 1894, when the contract was finally made, and what had taken place between them up to the time when they actually contracted was properly admitted, under Way v. Martin, 140 Pa. 499. The first, second, third, fourth, fifth, sixth and seventh assignments of error are overruled. The admission of the letter of July 9, 1896, from plaintiffs to defendants, is the subject of the eighth assignment of error. In receiving this letter, the court said: " The letter is only evidence to explain why the judgment stands unreversed and unappealed from; that is all," and counsel for appellees having stated: " That is all that is claimed for it," the court replied: " It is not evidence for any other purpose." The ob-

jection was, that it contained declarations of the plaintiffs in their own favor, but, as was said in Crossgrove v. Hemmelrich, 54 Pa. 203; " Suppose it did, it was made to the faces of the defendants, and not behind their backs, and they might have denied the truth of any declaration in it, and required proof, if they thought proper." This assignment of error cannot be sustained.

The ninth assignment is before us on the disallowance of the following question, asked one of the defendants : " If the parts of that machine, called the Rehfuss machine, which were determined to be an infringement of the Cleret patent, were eliminated from the machine, what would be the value of the machine?" This offer was properly overruled, because, if there was no warranty, there was no liability from the defendants to the plaintiffs ; but, if a guaranty had been given, as the jury found, that the machines were no infringement upon the Cleret patent, plaintiffs had a right to return them as soon as the infringement was judicially ascertained, and, what the value of the machines might have been with that part of them patented by Cleret eliminated, was not material. The machines, with all their parts, were to be no infringement upon the other patent, if the testimony of plaintiffs was true. The offer was properly overruled, and this assignment is not sustained.

What we have said as to the foregoing assignments will, of course, lead us to overrule the tenth and last, and, in so doing, we may simply add that, as the record shows no objection made on the trial to the alleged defect in the pleadings, we will not consider it now, the case having been properly disposed of on its merits : Erie City Iron Works v. Barber, 118 Pa. 6.

Having overruled all the assignments of error, the judgment is affirmed.