# Continental Fibre Co. *v.* B. F. Sturtevant Co., Appellant.

*Contract—Written and parol evidence—Case for jury.*

In an action to recover back the purchase price of a machine, where the terms of the contract are disputed, and it appears that a so-called written agreement did not in fact include all the terms and warranties, and was not the sole instrument to control the issue, but that in addition there were letters and parol matters incident thereto, and that there were divergent understandings as to the actual terms of the contract, the matters in parol are properly admissible and the whole case is for the jury.

Argued January 6, 1922. Appeal, No. 47, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1919, No. 6319, on verdict for plaintiff, in case of Continental Fibre Co. v. B. F. Sturtevant Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover back purchase price of machine. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,551.74. Defendant appealed.

*Errors assigned* were rulings on evidence appearing by the opinion of the Supreme Court, quoting record.

*Francis B. Bracken,* with him *Alfred T. Steinmetz* and *George Wentworth Carr,* for appellant, cited: Lowry v. Roy, 238 Pa. 9; Sutcliffe v. Bakes, 62 Pa. Superior Ct. 65; Jarecki Mfg. Co. v. Kerr, 165 Pa. 529; Seitz v. Machine Co., 141 U. S. 510; Am. Homes Savings Bank v. Trust Co., 210 Pa. 320.

*Owen J. Roberts,* with him *Louis DuHadway,* for appellee, cited: Holt v. Pie, 120 Pa. 425; Driesbach v.

Bridge Co., 81* Pa. 177; Selig v. Rehfuss, 195 Pa. 200; Byrne v. Elfreth, 41 Pa. Superior Ct. 572; Dougherty v. Briggs, 231 Pa. 68; Allen I. & S. Co. v. Provident I. & S. Co., 63 Pa. Superior Ct. 459.

OPINION BY MR. JUSTICE KEPHART, February 6, 1922:

This appeal is from a judgment entered against defendant. Plaintiff, appellee, manufactures a product known as bakelite. One of its elements is a composition which must be spread upon paper and thoroughly dried. Appellant's representative called on plaintiff in March, 1918, to sell a newly designed apparatus to be used for drying this composition. In the negotiations at that time, statements were made by defendant's representative concerning the ability of the machine to operate in a given manner, the economy of its operation and its capacity,—thus making it a desirable apparatus for purchase. Plaintiff, by letter of March 11th, confirmed the purchase; this was acknowledged by defendant on the 15th, when the order to prepare, ship and install the galvanized iron and exhaust drying system was accepted, without right of cancellation by the purchaser.

Later, a contract, in form of letter, was sent to plaintiff, and accepted April 2, 1918, but not by defendant until May 2d. In addition to the recitals and specifications, this letter contained provisions which it is insisted control the ultimate disposition of this case,— they are, "We have now been able to enter in complete form your order covering galvanized iron exhaust and drying system, to consist of the following." Then follows a description of the system to be purchased, concluding with the paragraph, "This proposal when accepted and countersigned constitutes a complete agreement. This·proposal is in no way binding upon us until countersigned at the home office at Hyde Park, Mass." It is now urged the court erred in admitting the oral statements at the first meeting in March, hereinafter referred to, not only because they contradict the terms

of the written instrument but are in violation of its express terms.

The letter of March 11th is a written acknowledgment of the oral conversation preceding it, and an offer to purchase. It reads, "Confirming our verbal instructions to your Mr. Powers to-day, we beg to instruct you to prepare, ship and install, at the earliest possible moment, one Galvanized Iron Exhaust and Drying System complete with fans, motors, coils, etc., as per data given Mr. Powers." Its acceptance, by letter of the 15th, concluded a contract that necessarily required parol evidence for a complete understanding of the writings. This states, "We have your letter of March 11th and have entered your order for galvanized iron work, fan, motors, coils, etc., as per your letter. We will advise you the price later." Thus far the parties had a just claim against each other with respect to the subject-matter provable by parol.

It was no doubt intended by the contract to reduce to writing all that had taken place; had it been duly signed and countersigned, and if it, with the two preceding letters and the conversation, were all we had before us, appellant's position would assume a very different aspect. Plaintiff, evidently uncertain whether the contract expressed all of the prior understanding, wrote defendant April 10th, in substance, that some matters were omitted, but inclined to the belief the installation would be made in accordance with what had been previously stated. To which reply was made (April 12th) as follows: The drying system "has been designed strictly along the lines specified by you to the writer when he visited your plant." Appellee was misled by this written assurance, and was induced to believe the drying system would meet all requirements and had been designed strictly along the lines previously expressed in the conversation early in March. It was apparent, to those having knowledge of the transaction, everything in contemplation of the parties discussed at the first

meeting was to be included in the apparatus sold. The difficulty arises from a misunderstanding as to what took place at the first visit and what was to be expected from the new machinery; defendant denies any statements as to capacity, economy, etc.,—so that, from its points of view, the answer of April 12th was correct. But plaintiff, affirming the contrary, was led to believe a machine more economical than the one it used, with larger capacity and certain heat guarantees, was being sold, and these conditions, from the letter of April 12th, were in fact included in the contract, or, if not there in fact, were recognized by defendant as being there. When the matter came before the court with such divergent understandings, it was necessary to consider the offer and acceptance, the contract and letters, in connection with the affirmance and denials of the statements, to enable the jury to find what the contract of sale actually embraced. It could not be otherwise if effect is to be given the letters written after the contract was drawn but before its execution,—especially in this connection may we consider the concluding letter, wherein the price was fixed, as it omits consideration of the intermediate matters and reaffirms the offer and acceptance of the 11th and 15th of March, with the parol matters incident thereto. It is difficult, under the facts of the case, to understand how a court, intending to reach the merits of the case, could have excluded these statements.

Plaintiff was not endeavoring to contradict the terms of a writing by parol, but was placing before the court all the documents, with the necessary oral understandings called for by them, to evidence the entire contract. The so-called written agreement did not in fact include all the terms or warranties, and was not the sole instrument to control the issue before the court.

The case was submitted by the learned trial judge in a charge free from error, and the judgment of the court below is affirmed.