# Dorsheimer *v.* Read Machinery Company, Appellant.

*Contracts—Written contracts—Offer and acceptance—Evidence.*
    Where a statement of claim alleges a written contract, based
upon offer and acceptance in letters exchanged between the parties,
it is error to admit evidence of the preliminary negotiations prior
to the exchange of letters, when it is not alleged that the contract
was otherwise than as stated by defendant's acceptance of plain-
tiff's written offer.

Argued March 14, 1923.    Appeal, No. 17, March T.,
1923, by defendant, from judgment of C. P. York County,
April T., 1921, No. 141, on verdict for plaintiff in the
case of C. A. Dorsheimer v. Read Machinery Company.
Before ORLADY, P. J., PORTER, HENDERSON, TREXLER,
KELLER, LINN and GAWTHROP, JJ.    Reversed.

Assumpsit on written contract of employment.    Be-
fore ROSS, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $1,120 and judg-
ment thereon.    Defendant appealed.

*Errors assigned* were various rulings on evidence, the
charge of the court, answers to points and refusal of de-
fendant's motion for judgment non obstante veredicto.

*H. C. Niles,* and with him *M. S. Niles, C. A. May* and
*Geo. E. Neff,* for appellant.—An accepted offer is a con-
tract and parol testimony to add or to contradict the
written instrument by showing prior negotiations is in-
competent: Hatfield v. Thomas Iron Co., 208 Pa. 478;
Union Storage Co. v. Speck, 194 Pa. 126; Wilson v.
Penna. Coal Co., 269 Pa. 127; Zullinger v. Grebe, 72 Pa.
Superior Ct. 209.

*Ray P. Sherwood,* and with him *J. Edgar Small,* for appellee.—Where a contract in writing shows from its terms that it is not the whole contract between the parties and does not purport to be a complete agreement, parol evidence is admissible to show what was the whole contract: Selig v. Rehfuss, 195 Pa. 200; Dougherty v. Briggs, 231 Pa. 68; Schwab, Adm. v. Ginkinger, 181 Pa. 8; Graver v. Scott, 80 Pa. 88; Shugart v. Moore, 78 Pa. 469; Powelton Coal Co. v. McShain, 75 Pa. 238; Perkiomen R. R. Co. v. Bromer, 217 Pa. 263.

OPINION BY LINN, J., April 16, 1923:

This appeal depends on the interpretation of the statement of claim filed by plaintiff in his suit for breach of contract of employment. Appellant contends the court below misinterpreted the 4th and 5th paragraphs of the statement and received evidence not admissible under the pleadings. While those paragraphs are not "as brief as the nature of the case will admit" (section 9 of the Practice Act) we understand the 4th to aver that defendant offered to employ plaintiff to sell its preferred stock, the offer stating some conditions of the employment offered, but, obviously, not all that were necessary, for neither terms of sale nor quantity to be sold are alleged to have been specified. The 5th paragraph refers to defendant's offer stated in the 4th, and avers a counter-offer by plaintiff of his services to sell the stock, specifying certain conditions not theretofore stated. We have then, an oral offer of employment by defendant, with some essential matters unsettled, followed by plaintiff's oral counter-offer on terms stated by him; neither was accepted. The 5th paragraph then continues that defendant "requested plaintiff to submit the above verbal offer [plaintiff's counter-offer] to the defendant corporation in writing" and that plaintiff did so "in compliance with said request." The writing is then set forth and the paragraph closes with averment that defendant accepted the "offer so made in writing." The alleged contract in suit, then,

is plaintiff's written offer accepted by defendant. The preliminary negotiations drop out of the case, save as they are included in the writing, and it is not alleged that the contract is otherwise than as stated by defendant's acceptance of plaintiff's written offer. This is therefore not the case of a contemporaneous oral contract (like Croyle v. Improvement Co., 233 Pa. 310) on the faith of which a written contract was made; nor (as in Selig v. Rehfuss, 195 Pa. 200) does the offer by reference include anything outside its stated terms. At the trial, plaintiff was permitted to prove parts of the prior oral negotiation materially changing the written proposal, and therefore the contract declared on; defendant objected and excepted; there was no suggestion of omission by mistake or otherwise. The proof should have been limited to the contract averred; we must sustain the first assignment of error.

As there is evidence from which the jury may find that defendant declined to perform the contract declared on, to plaintiff's damage, judgment n. o. v. cannot be ordered.

Judgment is reversed and a new trial awarded.