JOHN REDZINA, complainant,

*v.*

PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY CITY AND
EVA REDZINA, defendants.

[Decided June 7th, 1923.]

**Deposits in Bank—Joint Account—Disappearance of One of the Joint Depositors—Rights of Other Depositor—Deposit a Debt Not a Trust.**

On bill, &c.

*Mr. Adolph Wolman* and *Mr. Maximilian T. Rosenberg,* of counsel, for the complainant.

*Messrs. Insley, Vreeland & Decker,* for the defendant Provident Institution for Savings.

BENTLEY, V. C.

The complainant shows in his bill that on the 3d day of February, 1919, he opened an account in the Provident Institution for Savings in Jersey City, one of the defendants, in the joint names of himself and his wife, Eva, the other defendant, amounting to the sum of $1,100; that subsequently and in the month of August, 1921, his said wife deserted him, taking with her their two children, and that he has not seen or heard from her at any time since. That such account was opened in the parties joint names for the purpose of obviating his remaining away from his work during the office hours of the bank when it might be necessary from time to time to withdraw money. That in the month following his wife's departure the complainant attempted to withdraw from the Provident Institution for Savings the entire amount on deposit, but was refused by the said bank unless the complainant

should deliver to it a certain pass-book issued by it to the complainant and his wife at the time of the opening of the said account.

The bill also sets out that one of the articles of the by-laws of the bank provides as follows:

"Deposits and dividends shall be drawn out only by the depositors in person, or by their written order, or by some person legally authorized, and only upon the production of the depositor's book, that such payments may be entered therein, and all payments to persons who present the deposit book shall be valid payments to discharge the bank and its officers. No assignee of an account shall be entitled to it, as against the bank, till after written notice, and due proof of the assignment given to the bank.

"Depositors are not entitled to withdraw money except upon sixty days' notice of such intended withdrawal; but the treasurer may at the option of the institution pay to depositors applying at any time, their interest or principal or part thereof."

This was a part of the contract between the bank and the depositors.

The bill then prays that it may be decreed that the defendant, Eva Redzina, has no right, title, or interest in and to the moneys on deposit, and that the complainant is the sole owner thereof; and that the defendant, Eva Redzina, be directed to deliver up the said deposit book and be restrained from disposing of it, and that the said bank may be directed to pay over to the complainant all the moneys in the said bank account, and be thereafter discharged from all responsibility in the premises to the other party.

To this bill an answer was filed by the bank, practically admitting all the allegations in the bill, and setting out that the amount to the credit of the complainant and wife is the sum of $636.72, and holding itself ready and willing to pay said sum to the person or persons to whom it may belong; and praying leave to pay the said sum into the office of the clerk; whereupon an order was made permitting such deposit, and the deposit has actually been made.

The subpœna has been returned by the sheriff of Hudson county not served, with an affidavit of one of the under-

sheriffs, that he has inquired for the defendant, Eva Redzina, and has not been able to find her and is credibly informed and verily believes that she cannot be found in this state. Whereupon, the necessary affidavit of the solicitor of the complainant was filed and an order of publication made, and proof of such publication subsequently filed.

Upon the hearing, after an order of reference, the complainant produced several witnesses, and it was satisfactorily established that his wife had deserted him in the company of some man who had boarded with them, taking his children, and that he had been unable to ever find her; also that he is a laboring man, all of whose savings are practically represented in what his wife has left in the said bank, she having withdrawn several hundred dollars and apparently taken the passbook or destroyed it so that he is unable to find it.

My difficulty in this case is expressed in the opinion of Vice-Chancellor Buchanan in the case of the *National Bank of New Jersey* v. *White, 115 Atl. Rep. 533,* where almost the same situation was encountered, except in that suit the litigation was commenced by a bill of interpleader. In that case and in the one at bar, the husband was a party to the suit but the wife had never been served with process or in any way subjected herself to the jurisdiction of the court. The vice-chancellor pointed out, in the case just cited, that this was a litigation over a sum of money between two parties and was a proceeding *in personam* and not *in rem.* Because of the unfortunate predicament of the complainant in the case at bar, the matter has been argued with great earnestness and ability by counsel, and counsel for the defendant, the Provident Institution for Savings, has bestowed considerable of his time and effort on the case in the hope of assisting the complainant in securing what appears now, under the proofs as they exist, to be his money, for him. It has been urged that the controlling case is not the one to which I have referred, but the case of the *Amparo Mining Co.* v. *Fidelity Trust Co., 75 N. J. Eq. 555.* In that case it is true the court of errors and appeals went into the subject of the

elements of a proceeding *quasi in rem* as distinguished from a proceeding *in personam;* but I am unable to see any application of the doctrine there enunciated to the case in hand. In the *Amparo Mining Company Case* the court of errors and appeals decided that a trust could be impressed upon the shares of stock of a New Jersey corporation, although the trustee resides out of the state and cannot be served with process, and affirmed the opinion of Vice-Chancellor Stevenson in this court, reported in *74 N. J. Eq. 197,* whose opinion went deeply into the statutory authority for proceeding *quasi in rem;* but, as said by Vice-Chancellor Buchanan in his opinion cited above, "the subject-matter is not a trust fund but a debt due on contract from the bank to one or other, or both, defendants."

Just so here. It is elementary that the relations between the complainant and the bank is that of creditor and debtor, and in view of what has already been said, it must be apparent upon any consideration that no effective decree can be made that will cut off the rights of the defendant, Eva Redzina, without the service of process upon her. In short, she is entitled to the protection of the due-process-of-law clause of the constitution.

Under the circumstances of this case I have the greatest sympathy for the complainant, and I have tried to see the matter in a different light, but feel constrained to decide the case as I have indicated.

I will advise a decree dismissing the bill.