## Holland Furnace Co. v. Heidrich

*Fahey & Casper,* for plaintiff.

*Leroy Long,* for defendant.

FLANNERY, J., May 12, 1955.—Plaintiff sued on a "contract in writing" for $300, the purchase price of an oil furnace, as described in the writing, which was installed on defendant's premises on December 3, 1954.

Defendant filed an answer which set up parol considerations, the failure of the equipment to function in accordance therewith and its total inadequacy for the purpose it was intended to serve. According to this pleading the equipment was removed three days after its installation and defendant counterclaimed for $50, the down payment.

Plaintiff then filed preliminary objections and moved for judgment. It is its position that the answer attempts to set up a parol contemporaneous agreement varying the terms of the written instrument.

As we examine this contract by which plaintiff avers that it "agreed to sell and defendant agreed to buy", we discover what was originally a blank form of plaintiff company which the agent apparently used as a memorandum for the transaction between the parties. It is titled, *"Cash Repair and Service Agreement."*

It identifies defendant as "buyer" and stipulates that he is to purchase "the following for furnace installed," after which the blank spaces, both as to articles and their cost, are unfilled. There then follows a specification of the manner of how and in what time a furnace shall be cleaned, repaired and reassembled after such parts as may be specified are obtained. Obviously this has to do with repair and service and holds no interest for us.

The second paragraph of the memorandum is titled, *"Cleaning Service,"* which is partly obliterated and there then follows the further stipulation: "Thoroughly clean the heater, smoke pipe, heater chimney and", then an unfilled blank followed by *"Additional Material and Labor As Follows."* This further stipulation is not obliterated and following it we find printed in pencil "one cozy-aire oil furnace installed as is with oilburner—tank—gauge, etc. $350."

And the form continues: *"In consideration of Seller furnishing the above mentioned service, material and labor, buyer agrees to pay: Cash with order $50. . . . Balance Cash $300. Payable on completion to mechanic."* And following there is a proviso that payment for each service, "gas-proofing, cleaning, etc.— shall be paid in separate amounts to mechanics on completion of work." Obviously referring to the cleaning service.

Finally there is the proviso: "Verbal agreements with representatives shall not be recognized by the seller. This contract, . . . is subject to acceptance by the General Office of the Seller at Holland, Michigan."

There was no acceptance by the general office before defendant disavowed the arrangement.

A contract in dispute where doubt exists as to its interpretation must be construed with some degree of strictness against the party preparing it: Wiegand v. Wiegand, 349 Pa. 517; Reid v. Sovereign Camp of Woodmen of World, 340 Pa. 400.

Obviously this writing under consideration requires an explanation. Certainly there was no agreement to clean "one cozy-aire oil furnace installed as is . . ." There was no such furnace installed at the time. Yet this is what the alleged contract provides. An explanation is necessary to establish what the parties intended and such may be given and the complete arrangement proved. But when that is done the whole transaction becomes parol.

As was so well said in the syllabus of Selig v. Rehfuss, 195 Pa. 200:

"Contract—Evidence—Parol evidence."

"Where a contract in writing shows upon its face that it is not the whole contract between the parties, and does not purport to be a complete agreement, parol evidence is admissible to show what was the whole contract and the same then becomes all parol."

And to the same effect see Continental Fibre Co. v. B. F. Sturtevant Co., 273 Pa. 30; Garrison v. Salkind, 285 Pa. 265; Huessener v. Fishel & Marks Co., 281 Pa. 535; Bryant v. Bryant, 295 Pa. 146.

This is not to say that the written fragment of their negotiation may be contradicted assuming it does include some of the terms agreed upon or identifies the subject matter. But there is before us in legal effect

only the memorandum which identifies the furnace and fixes the price and these particulars are not contested, the rest must be supplied.

Plaintiff contends the Uniform Commercial Code inhibits the use of parol testimony in the instant case but the relevant section of that act does not sustain that contention. On the contrary, under such facts as those before us it sustains the view we have taken.

The code provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

"(a) by course of dealing or usage of trade (Section 1-205) or by course of performance (Section 2-208) ; and

"(b) by evidence of consistent additional terms unless the Court finds the writing to have been intended also as a complete and exclusive statement of the terms agreed upon. (April 6, 1953, P. L. 3, sec. 2-202.)": 12A PS §2-202.

It will be apparent from the discussion, supra, that we have not found "the writing to have been intended . . . as a complete and exclusive statement of the terms agreed upon." Indeed such is not seriously controverted. It follows then that rather than prohibiting the use of parol testimony the statute specifically authorizes such evidence to supplement the memorandum, and the conclusions we reach from the body of the law find specific authority in this act.

Wherefore, the preliminary objections are dismissed and plaintiff is directed to plead to the new matter and counterclaim.