# American Car & Foundry Company, Appellant, *v.* Alexandria Water Company.

*Principal and agent—Evidence—Authority of agent—Cross-examination.*

In an action against a corporation on a contract where the plaintiff has called the district manager of the plaintiff for the purpose of proving the contract, the witness may be cross-examined as to his authority to execute the contract in question, and its ratification and performance, but it is clear error to permit the defendant to go further and cross-examine the witness as to his general authority. Such authority must be proven by affirmative testimony.

*Principal and agent—Authority—Province of court and jury.*

The fact of agency and the scope of the authority of an agent are questions for the court, where the authority is created by an instrument in writing, but where such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury.

As a general rule when a corporation entrusts a principal officer or manager with the general supervision of a particular branch of its business, it clothes such officer or manager with the authority of a general agent coextensive with the business intrusted to his care, and private instructions limiting his ostensible powers will not protect the corporation from liability for the acts of the agent done within the scope of his ostensible authority, although the specific act may be in excess of private instructions.

In an action on a contract where witnesses for the defendant testify

in positive terms that certain notes had been executed and delivered to the district manager of the plaintiff company in full payment and satisfaction of the claim, it is proper to permit the district manager to testify in rebuttal that this was not the agreement between the parties; but letters between the district manager and treasurer of his company relating to such notes, are not admissible.

While in such a case it may be the better practice to require the defendant first to affirmatively prove the agency and scope of the authority of the district manager, before offering testimony as to the execution of the notes and matters incidental thereto, such is not an imperative requirement. The order of evidence to be given in such a case is within the discretion of the court.

Argued April 23, 1907. Appeal, No. 129, Jan. T., 1907, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1904, No. 23, on verdict for defendant in case of American Car & Foundry Co., Subcontractors, v. Alexandria Water Company, Owner or Reputed Owner, and William M. Powell & Company, Contractors. Before Fell, Brown, Potter, Elkin and Stewart, J.J. Reversed.

The facts are stated in the opinion of the Supreme Court.

At the trial when W. F. Lowery, district manager of the plaintiff was on the stand, he was asked on cross-examination, this question:

" Q. Then the contract was made and concluded by you ? "

Mr. Waite: We object to this examination for the reason that it is not a cross-examination of the witness. We have proved a contract entered into by the witness between William M. Powell & Company and the American Car and Foundry Company, and he was not asked with regard to how that contract came to be made, or whether he communicated with the home office before he entered into it or not. The fact is that contract is now involved in the controversy and it is not cross-examination.

Mr. Bailey: I wish to inquire what the authority of the district manager is and for that reason I wish the jury to understand that the contract was made without conference with the home office ; in that light the question is proper.

The Court: Objection overruled. Evidence admitted. Bill of exceptions sealed for plaintiff. [1]

" Q. What did you do with those notes ? A. Forwarded

them to the treasurer at St. Louis. Q. For what purpose?
A. For him to rule on the matter."

Mr. Bailey : It is objected to that what transpired between
William F. Lowery and the other officers of the American
Car & Foundry Company with regard to those notes is not
evidence against the defendant, the Alexandria Water Com-
pany, the only question being with what understanding they
were received by William F. Lowery, who is a witness in this
case, holding the position of district manager of the American
Car & Foundry Company, and the American Car & Foundry
Company cannot now excuse itself of liability by any juggling
of the notes or transmitting them from one officer to another
of the American Car & Foundry Company.

2. What occurred between the witness and any other officer
of the American Car & Foundry Company is not rebuttal.

The Court : The second objection as to this not being rebut-
tal is sustained ; evidence rejected and bill sealed for the plain-
tiff. [9]

Mr. William F. Lowery on the stand.

Mr. Waite : I propose to prove by the witness on the stand
that when Mr. Mandeville and Abner Smith were at the office
at Berwick, Pa., on December 29, 1903, and suggested the giv-
ing of promissory notes for the balance due the plaintiff com-
pany from William M. Powell & Co., the witness told them
that he could do nothing more than receive the notes, and sent
them to the home office at St. Louis for approval or rejection
by the company ; that in pursuance of that conversation a day
or two after the notes were sent to him by mail from Hazleton,
Pa., signed by William M. Powell & Co., and not in evidence ;
that he immediately sent those notes to the home office in St.
Louis, and that he received a letter in reply thereto from S. S.
Delano, the treasurer of the American Car & Foundry Com-
pany, which is as follows :

" January 4, 1904.

" Mr. Wm. F. Lowery, District Manager, Berwick, Pa.

" Dear Sir : Replying to your favor of the first inst., inclos-
ing three notes signed by Messrs. William M. Powell & Co.,
covering the account. Before accepting these notes I would
thank you to advise me if, under the state laws of Pennsyl-
vania, the time limit for filing builders' lien on the construc-

tion into which this material entered has expired.   We prefer to see that our interests are legally protected before being forced into accepting these notes.

" S. S. DELANO, Treasurer."

That in reply to this letter William F. Lowery, on January 6, 1904, wrote to S. S. Delano, of St. Louis, the following letter :

" BERWICK, PA., January 6, 1904.

" MR. S. S. DELANO, Treasurer, St. Louis, Mo.

" Dear Sir : I am in receipt of your favor of the 4th instant, account William M. Powell & Co.   The law of Pennsylvania requires a notice to be given ninety days from time of furnishing the materials, and the filing of the lien ninety days after such notice, a total of six months from the time of furnishing the materials until the lien itself expires.   It is important, however, that the notice be given in ninety days.   If you so instruct, I will have our local attorney, Mr. Charles C. Evans, to take care of this feature which would probably give us a good position on the October and November shipments.

(Signed)                    " WM. F. LOWERY."

To which letter S. S. Delano made the following reply :

" January 23, 1904.

" MR. WILLIAM F. LOWERY, District Manager, Berwick, Pa.

" Dear Sir: Inclosed I beg to hand you the three notes of Messrs. William M. Powell & Co., which were tendered in settlement of their account.   Since we have made other arrangements to protect our interests we are forced to return these notes.   I will thank you to advise me from time to time as anything develops on this account.

" Yours very truly,      S. S. DELANO, Treasurer."

In reply to which William F. Lowery wrote the following :

" BERWICK, PA., January 26.

" MR. S. S. DELANO, Lincoln Trust Building, St. Louis, Mo.

" Dear Sir : I am in receipt of your favor of the 23d inst. inclosing William M. Powell & Co.'s notes.   Owing to the disarrangement of railroad traffic in this region on account of high water and ice gorges, our attorney, C. C. Evans, has

been unable to go to Alexandria yet. We have, however, received an acknowledgment of our notice from the treasurer of that company, and Mr. Evans will visit Alexandria the earliest date possible. Pending his return I retain the notes here under his advice, and will communicate with Powell & Co. under our attorney's directions after the visit above referred to.

(Signed)                    " William F. Lowery."

We also offer in evidence letter written January 1, 1904, in which the following is stated :

" Berwick, Pa., January 1, 1904.

" Mr. S. S. Delano, Treasurer A. M. C. Co., St. Louis, Mo.

" Dear Sir : Referring again to my letter of the 30th, W. M. Powell & Co., I hand you herewith copy of letter from this concern under that date (30th), the three notes therein mentioned and copy of special report from Dunn relative to the concern. I see the notes are written covering interest to maturity, but do not care of the back interest from due date of account to date of the notes themselves. I have not written Messrs. Powell & Co. anything regarding this matter, and will not do so until you have passed upon the facts presented. The mutual acquaintance to whom I have referred says he has been away from Hazleton too long to be in close touch with the movements of Mr. Powell, and, therefore, is not in position to give information of value. Our sales agent will be in Hazleton within a few days, and will study the question from that standpoint. Aside from the fact that the transaction has not been conducted so as to give us legitimate returns from the work into which our material entered, on the surface the account would seem to be good, only slow in adjustment. Awaiting your favor.

(Signed)                    " William F. Lowery."

This offer is for the purpose :

1. Of corroborating the witness in his testimony with respect to what occurred in the office at Berwick with Mr. Mandeville and Mr. Smith.

2. For the purpose of showing that the witness has no authority or power to enter into such a contract as Mr. Mande-

ville and Mr. Smith testified to at the time the notes were given. This is to be followed by proof that the witness in all such cases is required by the company to forward to the home office in St. Louis any application or applications, such as were given to the plaintiff company in this case, for the approval or rejection of the treasurer, S. S. Delano.

Mr. Bailey : Counsel for defendants do not object to that part of the offer which proposes to show what occurred between the witness in his office at Berwick, Pa., and Abner Smith and Mr. Mandeville. It is objected, however, that the balance of the offer is immaterial, irrelevant and inadmissible for the following reasons :

1. For the reason that what occurred between William F. Lowery, one of the officers of the American Car & Foundry Company, and other officers, with relation to those notes is utterly immaterial to this issue, it being in evidence that William F. Lowery had authority, and complete authority, to make this contract with William M. Powell & Co., and that he did make it; that they manufactured the materials sent to Alexandria, and the American Car & Foundry Company cannot now seek to escape the consequences of this contract by any secret limitation of the authority of William F. Lowery ; they cannot take advantage of the profit derived from this contract, or of this power to make the contract and then repudiate his authority to settle for it.

2. It is not rebuttal. The question of his authority to receive these notes in payment having been ruled upon by your honor in the case in chief.

3. Generally irrelevant and incompetent, and the letters on their face show that they were not all the correspondence, but the letters, together with all the rest of the testimony after the testimony as to what took place at the office at Berwick, is utterly immaterial and irrelevant.

The Court : The conversation which took place between the witness on the stand and with the witness on the part of the defense, Abner Smith, is evidence in rebuttal. The balance of the testimony offered is rejected and bill of exceptions sealed for plaintiff. [10]

Mr. Waite : I propose to prove by the witness on the stand that he is not clothed with power and authority to receive

notes in settlement of accounts; that as soon as cash, checks or notes are received by him they are forwarded to the home office in St. Louis, Mo., and that all collections for the sale of goods from the factory at Berwick, Pa., are made through the home office at St. Louis, and this has been the practice ever since the witness served as district manager at Berwick, Pa.

Mr. Bailey: It is objected to that the court has already ruled in chief that the limitations put upon the authority of the witness are utterly immaterial, irrelevant and incompetent, it having been proved that the witness was general agent and clothed with authority to make contracts anywhere in this country from his office at Berwick, that under the same powers he was clothed with authority in the settlement of contracts. The evidence is, therefore, immaterial and incompetent and cannot be used to the injury of the third party.

The Court: The plaintiff having already produced testimony to the effect that it sought to and did obtain a judgment note to secure this claim, the offer is not rebuttal to the proposition offered on the part of the defendant. Evidence rejected. Bill of exceptions sealed for plaintiff. [11]

Mr. Waite: "Q. Were the notes returned to you? A. Yes, sir. Q. From the home office in St. Louis? A. Yes, sir; rejected."

Mr. Bailey: We object. What became of the notes afterwards was excluded by the court.

The Court: It is ordered stricken out.

Mr. Waite: I propose to ask the witness if they were rejected at the home office in St. Louis and rejected by him.

Mr. Bailey: That is objected to as immaterial, irrelevant and incompetent. Exception. [12]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 9, 11, 12) rulings on evidence, quoting the bill of exceptions.

*H. H. Waite,* with him *C. C. Brewster,* for appellant.—Third parties dealing with agents cannot rely upon the agent's assumption of authority, but are regarded as dealing with the power conferred upon them and they must at their own peril observe that the act done by the agent is legally identical with

the act authorized by the principal : Mecham on Agency, p. 242, sec. 398 ; New York Iron Mine v. Negaunee First Nat. Bank, 39 Mich. 644 ; McCullough v. Moss, 5 Denio (N. Y.), 567 ; Sewanee Mining Co. v. McCall, 40 Tenn. 619 ; London Savings Fund Society v. Hagerstown Savings Bank, 36 Pa. 498 ; Beyer v. Rathfon, 23 Lanc. 251 ; Bangor, etc., Ry. Co. v. American Bangor Slate Co., 203 Pa. 6 ; Stoystown, etc., Turnpike Co. v. Craver, 45 Pa. 386 ; Mundis v. Emig, 171 Pa. 417 ; Deacon v. Greenfield, 141 Pa. 467 ; Mange-Wiener Co. v. Drug Co., 27 Pa. Superior Ct. 315 ; Good Hope Bldg. Assn. v. Amweg, 22 Pa. Superior Ct. 145.

*Thomas F. Bailey*, with him *Samuel I. Spyker*, for appellee.— We contend that this case is directly in line with the cases so numerous in this state, where it has been held that as to the public, it is the apparent scope of the general agent's authority which is to govern : Grafius v. The Land Co., 3 Phila. 447 ; Williams v. Getty, 31 Pa. 461 ; Adams Express Co. v. Schlessinger, 75 Pa. 256 ; Anderson v. National Surety Co., 196 Pa. 288 ; Thrall v. Wilson, 17 Pa. Superior Ct. 376 ; Fees v. Shadel, 20 Pa. Superior Ct. 193.

The receipt of a negotiable promissory note operates to extinguish a prior existing debt, if so intended between the parties, and this is a question of fact for the jury upon the evidence : Seltzer v. Coleman, 32 Pa. 493 ; Shaw & Leigh v. First Associated Reformed Presbyterian Church, 39 Pa. 226 ; Buck v. Wilson, 113 Pa. 423.

OPINION BY MR. JUSTICE ELKIN, June 3, 1907 :

The pivotal point in the decision of this case is the authority of the district manager, Lowery, to accept the three negotiable notes, and the collateral judgment note in full satisfaction and payment of the balance due by the contracting firm on account of pipe and other materials furnished for the construction of the water plant. If the plaintiff company clothed its district manager with the general power to superintend the manufacture and sale of these materials, together with the right to enter into contracts in the name of the company, fixing prices and terms of payment, including the authority to employ sales agents to transact business generally throughout the state or

elsewhere under his direction, he would be a general agent within the meaning of the law in that branch of the business over which he exercised supervision. If these facts were established by competent testimony, it is clear the district manager would have powers coextensive with the business intrusted to his care. Unfortunately, in the trial of the case in the court below it seems to have been assumed that he had all of these powers and the evidence offered is so meager as not to enable this court in reviewing the case to determine what his general powers were.

The first assignment of error raises the question whether on cross-examination it was proper for the defendant to show the general authority of the district manager who was offered as a witness for plaintiff, to prove the execution of the contract relied on to sustain the lien. It was proper to ask on cross-examination any question which related to the authority of the district manager to enter into the particular contract in question, and for this purpose it was clearly competent to ask whether the contract was made and concluded by him without any correspondence with the home office during the progress of the negotiations or in reference to the execution of the contract. All of these facts would tend to show that in the execution of this particular contract the district manager had the authority to bind the plaintiff company. The ratification of the contract thus made, the furnishing of the materials in accordance with the terms thereof and the acceptance of part payment of the price agreed upon, conclusively show the authority of the district manager to execute the contract and fix the terms of payment. Every fact pertaining to this contract could be properly developed on cross-examination, because the plaintiff had offered this witness for the purpose of proving the contract. It was clear error, however, to permit the defendant on cross-examination to go further and attempt to establish the general authority of the district manager. This should be done by affirmative testimony. It may be that upon a new trial of the case such facts may be shown as would warrant a jury in finding as a fact that it was within the general scope of his authority to accept the notes in payment of the claim. The fact of agency and the scope of the authority of an agent are questions for the court where the authority is

created by an instrument in writing, but where such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury : Singer Manufacturing Company v. Christian, 211 Pa. 534. It may be conceded as a general rule that when a corporation intrusts a principal officer or manager with the general supervision of a particular branch of its business it clothes such officer or manager with the authority of a general agent coextensive with the business intrusted to his care, and that private instructions limiting his ostensible powers will not protect the corporation from liability for the acts of the agent done within the scope of his ostensible authority, although the specific act may be in excess of private instructions: Adams Express Company v. Schlessinger, 75 Pa. 256 ; Anderson v. National Surety Company, 196 Pa. 288. The difficulty about the present case is that the evidence produced at the trial did not clearly show the kind and character of the business intrusted to the supervision of the district manager, the manner in which it was conducted and the scope of the authority exercised by him. This could have been shown by calling as a witness an officer of the company who had knowledge of the facts, or by the district manager himself, or by proving such facts in the conduct of the business generally as to show an implied authority to do the particular act relied on to defeat a recovery in this case.

The ninth, tenth, eleventh and twelfth assignments of error relate to the refusal of the court to admit the testimony of Lowery, the district manager, in reference to the notes which it was alleged were taken in payment of the claim, and in refusing to admit certain correspondence between the treasurer of the company at the home office in St. Louis and the district manager at Berwick. It was competent for the plaintiff to show in rebuttal what these notes were taken for and what disposition was made of them. The district manager should have been permitted to testify that he did not receive these notes in payment of the claim, but with the understanding that they would be forwarded to the home office for approval or rejection by the company. This was the exact issue of fact in the case. The witnesses for defendant testified in positive terms that the notes had been executed and delivered to the district

manager in full payment and satisfaction of the claim, and it was certainly competent for him to testify that this was not the agreement between the parties. There being a conflict of testimony, it was for the jury to determine the fact. I do not agree, however, that in this connection it was competent to offer in evidence the letters which passed between the district manager and the treasurer of the company. These were private communications between the officers of the plaintiff company about which the other parties to this controversy had no knowledge, and their rights could not be prejudiced by these private communications and the court properly refused to admit them in evidence. It was competent, however, for the district manager to testify as to the verbal agreement between himself, Mandeville and Davis at the time it was agreed to accept the notes. It was also proper for him to testify to the fact that he had received them and forwarded them to the home office at St. Louis, and that the notes were returned to him rejected. He should also have been permitted to testify what he did with the notes after they had been returned to him. All of these facts were in corroboration of his testimony that the notes were not taken in payment of the claim, but only as additional and collateral security for the same. The contention of the appellant that it was the duty of the appellee to first affirmatively prove the agency and the scope of the authority of the district manager before offering any testimony relating to the execution of the notes, and other matters incidental thereto, may be conceded to be the better practice, but this is not an imperative requirement. The order of evidence to be given in such a case is within the discretion of the court: Telephone & Supply Company v. Thompson, 112 Pa. 118.

After a careful consideration of this case we have concluded that when the facts as to the scope of the agency, somewhat irregularly shown at the trial in the court below, and upon which theory the case was tried, are properly established when the case again comes up for trial, it will be a question for the jury to determine whether, under the general scope of his authority, the general manager could bind his principal in making the alleged contract to accept the notes in payment of the claim. In so holding we are not unmindful of the general rule that all sales, whether of real or personal prop-

erty, by an agent appointed generally to sell, must be for a consideration in money, and such an agent cannot bind his principal by receiving payments in bonds, notes or other paper; or that an agent to collect and receive payment can receive nothing but money in satisfaction of the claim. This general rule is freely conceded, but in our judgment its application to the facts of the present case is unwarranted. Here the district manager was intrusted with the supervision, control and management of a large plant belonging to the plaintiff company. Under his direction all the materials are manufactured, and by his authority they were sold. He employed agents to make sale of the manufactured materials, and executed contracts in the name of the company without authorization from any other or higher source. He determined prices at which the materials were sold and fixed the terms of payment. Indeed, so far as the record shows, he exercised absolute authority in these respects. When the contract was first entered into, so far as the facts of the present record disclose his authority, he might have agreed to accept notes in payment of the claim, and, if he had done so, there can be no question that under the general scope of his authority his act would have been binding on his principal. If he had authority to make such a contract in the first instance, why may he not exercise a similar power after the materials have been furnished and the balance remains unpaid? However, all of these things depend upon the general scope of his authority, and this is a question for the jury to determine.

The first, ninth, tenth, eleventh and twelfth assignments of error, except as to the admission of the correspondence between the treasurer and the district manager, which correspondence for reasons hereinbefore stated cannot be admitted in evidence, are sustained. The remaining assignments are overruled.

Judgment reversed and a venire facias de novo awarded.