## Hepler, Appellant, v. Shenk.

Argued December 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*G. T. Hambright,* with him *Harvey B. Lutz* and *John E. Malone,* for appellant.—The agreement refers in two places to "the foundation wall now erected" and "the foundation wall now constructed": this reference in a written agreement to an extrinsic fact opened the door for parol testimony to prove what wall was erected and referred to by the parties; parol evidence is always admissible to explain an ambiguity in a written instrument: Amoroso v. Ovelman, 89 Pa. Superior Ct. 377; Campbell C. & C. Co. v. R. R., 288 Pa. 36; Lulay v. Barnes, 172 Pa. 331; Clarke v. Adams, 83 Pa. 309; Dubois v. Bigler, Young & Co., 95 Pa. 203; McCullough v. Wainwright, 14 Pa. 171; Safe Dep. & T. Co. v. Mfg. Co., 229 Pa. 295.

*F. Lyman Windolph,* with him *S. Z. Moore,* for appellee.—The three feet wide alley between the properties of appellant and appellee was extinguished by the terms of the written agreement.

Parol evidence of declarations made by appellee previous to the signing of the written agreement to the husband of one of appellant's predecessors in title, and to another witness who was neither a party nor a privy to this case, was not admissible to vary the plain terms of the written agreement: Anstead v. Cook, 291 Pa. 335.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

This suit in equity involves the construction of a written agreement as to the boundary line of adjoining properties, and plaintiff's right to the use of an alley. Jacob Reinhold, being the owner of both lots here involved, situate on the west side of North Christian Street, in the City of Lancaster, on March 25, 1874, conveyed to Bridget Mulhatten the northerly part thereof: "Together with the free and uninterrupted use of a three-foot wide alley running from said Christian Street

westward on the south side of the hereby granted premises." By sundry conveyances this northerly part of the property became vested in Elizabeth K. Keefer and by like conveyances the southerly part of the Reinhold property became vested in William S. Shenk, the defendant. The alley in question, of the width of three feet, extending westerly from North Christian Street, between the two properties for a distance of approximately twenty-three feet, was used uninterruptedly by the adjoining owners, without question, until 1921. The lots were about sixty-three feet in depth, extending back some forty feet west of the westerly end of the alley as adjoining properties. In the spring of 1921, as Mrs. Keefer was making some permanent improvements on her lot, a controversy arose as to its width and as to her southern boundary. Meantime she had constructed a foundation wall, extending from the west end of the alley westerly in line with the center of the alley to the west end of the lot and was reconstructing a similar wall along the north line of the alley, on the site of an old wall which had collapsed. The west end of the latter wall was connected with the east end of the former by a diagonal wall or offset at the west end of the alley, so as to form a continuous wall. To amicably adjust the controversy, the parties, on May 23, 1921, executed a joint agreement, duly recorded, by which the respective parties covenanted and agreed, inter alia, as follows: "That the foundation wall now erected shall be and remain hereafter forever the division line between the aforesaid two properties, and the said William S. Shenk and Ida M. Shenk, his wife, remise, release and quit-claim unto the said Elizabeth K. Keefer, her heirs and assigns, any and all right and title which they now have to any portion of the land north of the foundation wall now constructed between the two properties, and the said Elizabeth K. Keefer and W. W. Keefer, her husband hereby remise, release and quit-claim unto the said William S. Shenk, his heirs and assigns, any and all

right, title or claim to the land lying south of the line of said foundation wall. The said Elizabeth K. Keefer and W. W. Keefer, her husband, for the consideration hereinbefore mentioned, also grant and convey unto the said William S. Shenk, his heirs and assigns, the right to use the wall to be erected on the said foundation wall between the two properties aforesaid, as a party wall, with the right also to build into and upon said wall to a depth of four (4″) inches." Thereafter, Mrs. Keefer erected a building on her lot, using the foundation wall above mentioned, and in 1925 conveyed the property to plaintiff, including whatever right she had in the alley. At about the same time, the defendant closed the alley and refused to permit plaintiff to use the same. Thereupon plaintiff filed the present bill to compel its restoration. An answer and replication were filed, on which the trial court heard testimony, and, upon due consideration, made findings of fact and as a legal conclusion held plaintiff was not entitled to the relief sought. Exceptions filed thereto were overruled in due course and by final decree the bill was dismissed and plaintiff brings this appeal.

Plaintiff contends that the foundation wall mentioned as the dividing line in the agreement was that extending westerly from the center of the west end of the alley; while defendant contends it embraced the wall extending along the northerly side of the alley. The trial court sustained the latter contention which was justified by the facts as found.

. There was but one wall, which extended the entire sixty-three feet, with the slight offset at the rear end of the alley. Hence, the proper construction of the agreement is that it embraced the entire wall and not a segment thereof. It follows that when the Keefers surrendered to the defendant all their right, title or claim to the land south of the wall, their easement in the alley was extinguished. In the absence of any averment of fraud. accident or mistake, the writing must prevail.

Moreover, the trial court's finding as a fact that the wall on the north side of the alley was embraced in the agreement cannot be disturbed.

Parol evidence was properly received as to the location and condition of the wall and adjoining properties to identify the subject-matter of the agreement. This, however, disclosed no latent ambiguity; hence, the trial judge rightly declined to receive evidence as to conversations between the parties preceding the execution of the agreement. The effect of this would have been to change and modify the writing, which under the circumstances could not be done. See Gianni v. Russell & Co., Inc., 281 Pa. 320; Bk. of Hooversville v. Sagerson et al., 283 Pa. 406, and other recent cases.

Whether the foundation wall north of the alley was practically completed, as the trial judge finds, or only in process of erection at the date of the agreement, is not of controlling importance. In either event it was definitely located on the ground. We find nothing in the record to warrant a reversal.

The decree is affirmed and the appeal is dismissed at the cost of appellant.