## Descalzi et al. *v.* North American Fruit Exchange, Appellant.

Argued April 25, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Harvey A. Miller,* and with him *Miller & Nesbitt,* for appellant, cited: Wright v. General Carbonic Co., 271 Pa. 332; Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425; Meguire v. Gallagher, 89 Pa. Superior Ct. 576; McGlinn v. Jackson, 86 Pa. Superior Ct. 562; Beaunit Mills, Inc. v. Burstein Brothers, 92 Pa. Superior Ct. 206.

*John M. Reed,* for appellee, cited: Kistler v. Fidelity Mutual Life Insurance Co., 66 Pa. Superior Ct. 273; Dean & Schoch v. Herrold, 37 Pa. 150; Rockwell Mfg. Co. v. Cambridge Springs Co., 191 Pa. 386.

Opinion by Keller, J., July 2, 1929:

Plaintiffs brought this action against the defendant

to recover damages for breach of warranty in the sale and delivery of certain cars of fruit sold them by it. The statement filed claimed damages on three cars of grapes, one car of pears and one car of apples. The proof on the trial, as to the grapes, was limited to two cars. The statement set up an express warranty that the fruit was to be sound, merchantable and fit for human consumption. There was no evidence produced of any express warranty as to quality, except that 277 baskets of pears were to be extra fancy Comice pears and 275 baskets fancy Comice; and that 530 baskets of apples were to be extra fancy Delicious apples and 226 baskets fancy Delicious. As to the grapes, the warranty must be limited to the implied one that they were to be of merchantable quality: Sales Act of 1915, P. L. 543, Sec. 15 (2). Accepting the plaintiffs' version of the facts as true, the grapes were to be shipped under ventilation in ventilator cars. They arrived in refrigerator cars, without ice, all plugs in and vents closed; but plaintiffs discovered this as soon as the cars arrived. It was a departure from the terms of the contract, which might have justified a refusal to accept and a rescission of the contract; but it was not a breach of warranty of quality, though the failure to comply with the contract may have affected the merchantable quality of the grapes.

Defendant denied having sold the fruit, as principal, to plaintiffs, and averred that in the sale it was only acting as agent for different sellers, and that this was known to the plaintiffs at the time the orders were placed. We agree with the learned court below that under the evidence in the case this raised a question of fact for the jury, which was resolved in favor of the plaintiffs. If when the orders were placed and the contract was made defendant did not disclose that it was acting as agent only for different sellers, but

contracted as a principal in the transaction, the status would not be changed by the fact that later when the drafts were lifted and paid, the invoices disclosed other principals as the sellers of the fruit: Beymer v. Bonsall, 79 Pa. 298; Robinson v. Wallace, 65 Pa. Superior Ct. 54. We discover no error in the lower court's treatment of this branch of the case.

Defendant also presented a point, which was affirmed by the court below, that "it was the duty of the plaintiffs to notify defendant within a reasonable time after the four cars of produce arrived at Pittsburgh, if the produce was not according to contract, and if you find as a fact that they did not do this, they cannot recover; the fact that the commodity was of a perishable kind must be considered by you in determining what is a reasonable time." It now contends that there was not sufficient evidence of notice of breach of warranty to support a verdict in favor of plaintiffs: Catalano v. Corcoran, 86 Pa. Superior Ct. 32, 37.

If there was a breach of warranty plaintiffs were not bound to reject the cars and rescind the contract; they could accept and keep the fruit and maintain an action against the seller for damages for breach of contract: Sales Act of 1915, supra, Sec. 69 (1b), p. 563; but in such case the Sales Act provides (Sec. 49, p. 557) that the defendant would not be liable in damages for the breach of its contract or warranty unless plaintiffs gave it notice of the alleged breach within a reasonable time after they knew or ought to have known of it.

In Wright v. General Carbonic Co., 271 Pa. 332, a case concerned with an affidavit of defense to an action of assumpsit for coke sold and delivered, which set up as a defense a claim for damages for breach of warranty with respect to the coke delivered under the contract, the question of the notice of the breach re-

quired to be given under section 49 of the Sales Act was considered at length and an affidavit was held insufficient which averred notice of dissatisfaction immediately after the discovery of the breach but was silent as to any statement with respect to when the buyer 'ought to have known' of the breach. It was said in that case that the notice should be clear and unambiguous, and that the affidavit must designate not only the time when the discovery of the defect in quality was made but when and how notice of this fact was given to the seller (p. 339). The court also said: "It is not unreasonable to require that a buyer exercise due diligence in inspecting the goods purchased, and in advising the seller of the result of his examination. When the article, as here, is subject to fluctuation in price, it is but fair that the vendor should be informed if the material furnished is unsatisfactory." This is particularly the case when the contract deals with perishable goods, whose very nature prevents any proper inspection by the seller to check up the defects alleged by the buyer if delay is made in entering complaint.

Averments that must be made to render a set-off or counter-claim sufficient matter of defense to prevent a summary judgment must be supported by sufficient competent evidence when relied on in court to establish a claim. The plaintiffs should have both pleaded and proved when and how notice of breach of defendant's contract or warranty was given the latter. The plaintiffs' statement contains no averments on the subject, and as respects the grapes, the plaintiffs themselves introduced no evidence that notice of dissatisfaction was given defendant. It is true that as to the first car, N. Y. C. 154249, which arrived October 10th, defendant's cross-examination of plaintiffs' witness, Cronin, elicited the statement that after examining the

car of grapes he "called Mr. Brewer's office and complained about it," (Mr. Brewer being defendant's manager)—, but he did not state to whom he had talked by telephone nor the substance of his complaint. It was not put in writing. As to the second car of grapes, however, S. F. R. D. 1151, which arrived on October 11th, the record is bare of any complaint made or notice given to the defendant or its manager of non-compliance with the contract of sale. We doubt whether the evidence of complaint as to the first car of grapes was a sufficient compliance with the decision in Wright v. General Carbonic Co.; and there was no evidence at all on the subject as respects the second car of grapes. Were these the only cars involved we would feel constrained to enter judgment non obstante veredicto for the defendant as was done in Catalano v. Corcoran, supra. But the evidence of notice as to the pears and apples was on a different footing and though contradicted required submission to the jury. The verdict includes damages on account of the grapes, and the amount allowed cannot be fixed with certainty. We must therefore award a new trial.

The second assignment of error is sustained. The judgment is reversed and a new trial awarded.