## C. D. Brown & Co., Inc., *v.* Standard Hide Co., Appellant.

Argued October 2, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*John M. Reed,* with him *J. B. Orr* and *Humphrey Morris,* for appellant.—The contract of sale was in writing and contained no agreement to furnish "first-salted" skins: Gianni v. Russell & Co., 281 Pa. 320; Seitz v. Machine Co., 141 U. S. 510; Wagner v. Marcus, 288 Pa. 579; Popper v. Rosen, 292 Pa. 122; Cridge's Est., 289 Pa. 331; Murphy v. Pinney, 86 Pa. Superior Ct. 458.

The alleged warranty was made after the execution of the contract of sale.

There was not sufficient evidence of the authority of Florence Charles Sauer to make the alleged warranty after execution of the contract of sale: Ludwig & Son v. Gorsuch, 154 Pa. 413; Mange-Wiener Co. v. Drug Co., 27 Pa. Superior Ct. 315; Marquette-Bailey Lumber Co. v. Gibboney, 87 Pa. Superior Ct. 243; Gilmore Drug Co. v. Goldsmith, 79 Pa. Superior Ct. 149.

The alleged subsequent warranty is without consideration and unenforceable: Troop v. Trust Co., 291 Pa. 18; Wimer v. Twp., 104 Pa. 317; McNutt v. Loney, 153 Pa. 281.

There was no evidence of notice of breach of the alleged warranty: Wright v. Carbonic Co., 271 Pa. 332; Albus v. Toomey, 273 Pa. 303; Tinius, etc., Machine Co. v. Wolf, 297 Pa. 153; Aaron Bodek & Son v. Avrach, 297 Pa. 225; Descalzi v. Fruit Exchange, 96 Pa. Superior Ct. 293.

*Alexander C. Tener,* with him *Thomas N. Griggs* and *E. Alexander Hill,* for appellee.—The contract was in parol: Garrison v. Salkind, 285 Pa. 265; Huessener v. Fishel & Marks Co., 281 Pa. 535; Continental Fibre Co. v. Sturtevant Co., 273 Pa. 30; Anderson v. Surety Co., 196 Pa. 288; Selig v. Rehfuss, 195 Pa. 200.

The agent of appellant had authority to warrant on behalf of the appellant that the goods complied with the contract: Thompson v. Barrow, 81 Pa. Superior Ct. 216; Young & Co. v. Heinz, 94 Pa. Superior Ct. 95; Bayne v. Proctor & Gamble, 87 Pa. Superior Ct. 195; Empire Mfg. Co. v. Hench, 219 Pa. 135; Brooke v. R. R., 108 Pa. 529.

There was competent evidence of damage resulting from the breach of warranty: Rothermel v. Phillips, 292 Pa. 371.

Proper notice of the breach of warranty was given appellant.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

Defendant, a dealer in hides, offered, on July 30, 1927, by telegram, to sell to C. D. Brown & Company, the plaintiff, three carloads of "first salted" selected skins at twenty-two cents a pound. The words used, under the custom of the trade, meant hides properly salted to prevent decay, and not those unprotected by the process mentioned, or those resalted, in either of which event "salt rust" would appear when tanned, destroying the grain of the leather manufactured. A telephone conversation followed between the parties, in which the proposed sale was discussed and a lesser price was deter-

mined on. On August 2d, the defendant, in writing, tendered the number desired at twenty and one-half cents, in accordance with the conversation to which it referred, and, on the 3d, the plaintiff tanner, but not in answer to the letter sent, expressed its willingness to buy, agreeing to pay the sum fixed by telephone. A letter of credit was forwarded on the 4th, and drafts, sent subsequently with the bills of lading, were duly honored.

On the same day, an employee of Brown & Company was sent to the warehouse of the seller to inspect the goods offered, as permitted in the telegram referred to, for they were to be "selected." His investigation raised suspicion as to the hides being "first salted." He thereupon refused to accept them and so reported to his employer, advising him of the discovery made. The latter immediately called the chief executive of the defendant company on the telephone, but, in his absence, a nephew, in charge of the business at the time, answered. The latter, representing the Hide Company, then agreed that if any of the skins forwarded were found not to be as warranted, a reduction in price would be made, asserting however that practically all were of proper quality. As a result, the entire 15,000 were shipped to the plaintiff and paid for, the invoice therefor being received on the 11th. They were immediately started to be put through the tanning process, which required ten days for completion. When the first batch was removed, the presence of salt rust was discovered, making useless the finished product for the purpose intended, as the grain in the leather was thereby destroyed, a condition which the testimony showed would not have resulted if the hides had been as represented.

Notice by telephone was promptly given of this fact by the buyer on August 26th, almost immediately after the defect was disclosed, and, within a few days, the manager of the Standard Hide Company called to make an inspection. He failed to report prior to September 12th, whereupon a letter was written asking that the

result of his investigation be supplied shortly. This was answered by defendant the following day, in which liability for the defects was denied, though the manager, who personally made the examination, had previously directed plaintiff to continue the tanning of all the hides forwarded, promising at the time to make an adjustment if any faults appeared. This action to recover for the loss sustained followed, and judgment was entered on a verdict for the plaintiff.

It is first urged that there was no warranty of quality. The telegram and telephone conversation called for "first-salted" skins, which arrangement was referred to in the following letters, and became necessarily incorporated therein. This was a description of a trade article, and an expert testified that, if in this condition, and not resalted, rust or further decay in the skins, which actually occurred, rendering them useless for the manufacture of grain leather, would not appear. The Sales Act of May 19, 1915 (P. L. 543, section 12), declares that "any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." A mere statement of value or exaggeration of worth is excepted from this rule (Michelin Tire Co. v. Schulz, 295 Pa. 140; Rothermel v. Phillips, 292 Pa. 371), but the first clause quoted applies to the present case. Even if not an express warranty that the hides were properly "first salted," as the term was understood by the trade, the words used would impose responsibility on the seller, under section 14, which provides that, "where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description." Under such circumstances a recovery can be had if a breach occurs, as is illustrated by Schmoll Fils & Co. v. S. L. Agoos Tanning Co., 256 Mass. 195,

152 N. E. 630,—a case in which the goods were sold as "Karachi" hides of a certain weight, when they were not.

This warranty was repeated by the manager of the defendant after the sale was made, in order to secure consent to the shipment by the inspector. Appellant contends this promise cannot be considered because at the time the transaction was complete, but the evidence shows it was a mere repetition of the one forming the foundation of the contract itself, and was made to prevent a rejection of the purchase. Ordinarily, a subsequent promise requires proof of a new consideration to be enforceable, as stated in Troop v. Franklin Savings & Trust Co., 291 Pa. 18; Job & Co. v. Heidritter Lumber Co., 255 Fed. 311, cases cited and relied on by appellant. Here, the buyer was not compelled to accept any shipment unless satisfactory to the inspector, and it was to secure his assent that the new promise was given. "The waiver of a right or forbearance to exercise the same is a sufficient consideration for a promise made on account of it. The right may be legal or equitable, certain or doubtful, provided it be not utterly groundless": 13 C. J. 342.

Referring to this subsequent warranty, which is a mere repetition of the one preceding the agreement to buy, it is contended that there was no sufficient proof of the authority of the manager, who was conducting the business in the absence of his uncle, the president, to bind the Hide Company. He was at the time acting within the general scope of the work entrusted to him, and, if so, as the jury found on proper instructions, could bind the principal. This rule of implied authority has been frequently recognized in our cases. So, the manager of an office (Empire Imp. Mfg. Co. v. Hench, 219 Pa. 135), a shipping clerk in charge of a railway (Brooke v. N. Y., L. E. & W. R. R. Co., 108 Pa. 529), or one in charge of the business, when performing acts within the ordinary line of such employment, can bind the employer: Dixie Furniture Co. v. Packel, 87 Pa. Su-

perior Ct. 106; Young & Co., Inc., v. Heinz, 94 Pa. Superior Ct. 95; Bayne v. Proctor & Gamble, 87 Pa. Superior Ct. 195. As pointed out by appellant, this rule does not apply where the agent is acting beyond the scope of his authority (Ludwig & Son v. Gorsuch, 154 Pa. 413; Marquette-Bailey Lumber Co. v. Gibboney, 87 Pa. Superior Ct. 243), but here the nephew was negotiating for the company, in the absence of other officers, had charge of sales and shipments, and was the same person sent to inspect and adjust when complaint was made of the defective quality of the hides. The question of authority was fairly submitted to the jury, and it was for that body to determine whether the one making the promise had implied power to act (Williams v. Leach, 74 Pa. Superior Ct. 272), and this it did affirmatively.

The question of subsequent warranty, and the consideration therefor, is immaterial, if the original promise to the same effect is enforceable. Appellant insists it was not, and that parol evidence to prove such understanding was inadmissible, since these prior negotiations were merged in the written contract, as evidenced by the two letters of August 2d and 3d, written by the respective parties, and heretofore referred to. It will be remembered that these communications were not an offer by one and acceptance by another, but separate notes written each without reference to the other, after the telegram containing the warranty was forwarded, and the telephone conversation, altering the price, had taken place. Neither was complete in itself, but referred to the prior offer and resulting telephone discussion, and the rule that the writing embodies the terms of all negotiations (Gianni v. Russell, 281 Pa. 320; Collins v. Oliver, 299 Pa. 372), has no application.

A written instrument, referring to agreements or understandings not set forth therein, may be explained by parol (Garrison v. Salkind, 285 Pa. 265), and, where a letter of acceptance makes verbal conversations a part thereof, as here, oral testimony is admissible to show the

true understanding: Huessener v. Fishel & Marks Co., 281 Pa. 535; Continental Fibre Co. v. Sturtevant Co., 273 Pa. 30. Because the statement of claim showed the warranty set forth in the telegram preceded the letters, the former was preliminarily objected to as insufficient, but the court properly dismissed the affidavit of defense raising this question of law, and directed that defense be interposed in answer to the merits. On the trial, the parol evidence offered to show the real contract was objected to on the same ground, but rightly admitted, and the assignments of error directed to this action must be dismissed.

Finally, it is insisted no recovery can be had in this case, though the breach of warranty has been found by the jury, since the hides were accepted by the plaintiff. They were taken to Rochester by the inspector with the understanding that the bulk thereof were "first salted," and suitable for the making of grain leather, as represented, and that a reduction would be made if found not to be of the quality required for the manufacture of the product intended. They were received on the 11th of August, and the tanning of the first batch was not completed until ten days later, during which time the balance had been started in the course of conversion into finished leather. The representative of the defendant was promptly notified on the 26th, when the uselessness of the skins for the purpose purchased had been determined, and its inspector was sent, the first week of September, to investigate. He requested that the tanning of all the hides be completed, promising that an adjustment would be made for any loss caused by the defects, but, later, on September 13th, repudiated this promise. The measure of damages as explained to the jury, if plaintiff was entitled to recover, is not disputed in the assignments of error, but complaint is made that they should have been told the hides were accepted when delivered in Rochester, and that prompt notice, designating the lack of quality and the reason therefor, was not

given.  A reading of the testimony does not justify the assertion made, and the question was properly submitted to the jury for its determination.

It is undoubtedly true that where the claim is made of breach of warranty, the purchaser is bound to give prompt notice to the seller (Wright v. General Carbonic Co., 271 Pa. 332; Tinius Olsen Testing Machine Co. v. Wolf, 297 Pa. 153), specifying the defects: Bodek & Son v. Avrach, 297 Pa. 225; Descalzi v. North American Fruit Exchange, 96 Pa. Superior Ct. 293.  The testimony disclosed the fact that the skins were put in course of manufacture at the request of the defendant only, and upon its assurance that all were as represented, or, if not, a reduction in price would be made.  As soon as the tanning of the first part disclosed the presence of salt rust, notice of the unfitness of the hides was given. Plaintiff was nevertheless asked by the seller to continue work on the balance, promising an adjustment for any loss resulting.

The rule applicable in such cases was laid down in Wolstenholme, Inc., v. Randall, Inc., 295 Pa. 131, where it was said that notice of defects in manufactured articles made from raw material,—silk yarn there sold for the purpose of making into cloth, bought under a warranty as to quality,—is sufficient under section 69 of the Sales Act, when given after the work contemplated is finished and the breach discovered.  There practically the same number of days had elapsed, before the seller was advised of the defect in quality, as in the case at bar.  Here, defendant was promptly informed of the breach of warranty, and it caused the hides, tanned and in the process of manufacture, to be examined by its own inspector.  We see no merit in the complaint as to failure of the seller to receive proper information of its default,—a question adequately presented to the jury, which found for the plaintiff.  The further contention that the proof did not sufficiently show the loss may not have occurred from causes other

than the fact that the skins were not "first salted," is without merit under the finding of the jury, based on sufficient evidence of the fact in dispute.

The case was carefully tried and presented, and no legal reason has been advanced which would justify a reversal.

The judgment is affirmed.