## Edwards and Strong *v.* Power Gasoline Company, Appellant.

Argued April 18, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles C. Crowell* of *Crowell & Whiteheld,* and with him *John G. Gaut,* for appellant.—The president of a corporation, without the knowledge or consent of its directors or stockholders, may not employ and bind the corporation to pay a real estate agent or broker for his services in obtaining a purchaser for the corporation's entire personal property: Bangor, etc., Ry., Co. v. Slate Co., 203 Pa. 6; Kelly, Murray, Inc. v. L. B. & T. Co., 299 Pa. 236; Twelfth Street Market Company v. Jackson, 102 Pa. 269.

*R. W. Smith* of *Smith, Best & Horn,* for appellee, cited: Kelly Murray, Inc. v. Bank, 299 Pa. 236; Boyne v. Proctor & Gamble Co., 87 Pa. Superior Ct. 195.

Opinion by Trexler, P. J., July 14, 1933:

This is an action of assumpsit brought against the appellant for services rendered by the plaintiff as a real estate agent or broker. The defendant was the owner of certain personal property. Its president employed the appellee to procure a purchaser for all of

the appellant's property. This sale was made through the instrumentality of the plaintiff. He had secured the purchaser and a bill of sale of the entire personal property of the corporation was executed to the vendee.

The only question involved in this appeal is whether there is sufficient evidence to bind the corporation to the payment of the commission. There is no question that the plaintiff earned the commission, that he procured the purchaser for the company, and that the president of the defendant corporation employed him. In the absence of direct evidence that the directors of the company knew of the employment of the plaintiff, was there sufficient evidence to allow the jury to conclude that there was authority on the part of the president to employ the plaintiff in connection with the sale of the personal property? This, we think, was purely a matter for the jury. If there was sufficient evidence, taken at its best, to show authority in the president to employ the plaintiff, the verdict in his favor must stand. We are not considering the contract of sale. The president presumably had the authority to make that for that was ratified by its consummation. Did the scope of his authority cover the making of a contract for commission? ''The general rule is that when a corporation entrusts a manager with the general supervision of a particular branch of its business, it invests him with the power of a general agent co-extensive with the business entrusted to his care.'' Anderson v. National Surety Co., 196 Pa. 288, 46 A. 306; American Car & Foundry Co. v. Water Co., 218 Pa. 542, 67 A. 861. In the present case the officer negotiating for the company was one of its incorporators, a director owning over one-fourth of its capital stock and was its president. He gave all his time to its affairs, was its only salaried officer, acted both as president and general manager, made the purchases of all its materials and supplies, made its leases, had

charge of the negotiations for the sale of the property in question, fixed the selling price, and was the only officer of the defendant corporation with whom the purchaser dealt. It would seem that the jury could draw the conclusion that he had power to do anything that was incidental to the sale of the property. Where authority is to be implied from the conduct of the parties, and depends upon oral testimony, the fact and scope of the agency are for the jury. Singer Man'f Co. v. Christian, 211 Pa. 534, 60 A. 1087. "When a corporation intrusts a manager with the general supervision of a particular branch of its business, it invests him with the power of a general agent co-extensive with the business intrusted to his care; ...... and is bound by his contracts on its behalf made within the apparent scope of his authority. ...... Especially where disavowal of his authority is not promptly made; ...... or the benefits of the contract are retained. And where the authority of such an agent is not limited in writing, the scope of the agency is a question for the jury." Bayne v. The Proctor & Gamble Distributing Co., 87 Pa. Superior Ct. 195. See Brown & Co. v. Standard Hide Co., 301 Pa. 543, 152 A. 557; Walrath v. Colonial Trust Co., 101 Pa. Superior Ct. 79. In the case before us neither the president of the defendant company, nor any one on its behalf testified that he lacked authority to make the contract of agency to sell the property. Taking all the circumstances as presented in the case, we think the jury was justified in drawing the implication that the president and general manager of the defendant company had, not only authority to sell or lease the property of the company, but in view of the general scope of his activities in the company, the right to employ the agent to procure a purchaser. -

We agree with counsel for the appellant that before there can be a recovery by the plaintiff he must prove that he was employed by the defendant corporation,

or by some one having authority to employ him on its behalf. The court, in its charge to the jury, in substance told them that it was necessary for the plaintiff, among other things, in order to secure a verdict to show to them that the plaintiff was employed by the defendant through its president and general manager, who had authority so to do and this, if believed, would be sufficient. As stated before, from all the testimony in the case, the jury had sufficient to legitimately infer such authority.

The judgment is affirmed.