## Becker v. Lipsky

*Francis E. Walter* and *Carlton T. Woodring*, for plaintiff.
*Daniel L. McCarthy*, for defendant.

STEWART, J., January 22, 1934.—This is a motion for a new trial and also a motion for judgment n. o. v. In order to understand the case, a brief reference to the facts is necessary. Henry Lipsky, a minor, who was 15 years of age at the time, and the brother of the defendant, Anthony W. Lipsky, had taken the car of the plaintiff and had driven it as far west as Montana. In that State the automobile was damaged through the negligence of the aforesaid minor. Subsequently, the defendant and the plaintiff, through his son, Stanley Becker, who had been duly authorized by his father, entered into an agreement for payment by defendant for the repairs necessary to be made to the car; provided the plaintiff would not institute legal proceedings against the said minor to recover for the said damages.

As a result of this agreement, the defendant made out a check to Trumbower-Dietrich Motor Car Company and left the amount blank. This was done because, at the time the agreement was made, the parties did not know the extent of the repairs necessary to be made. Then title to the car was transferred to Walter Lipsky, another brother of the defendant, in order that he might be enabled to bring the car back from Montana. The car was brought back to Bethlehem by the said brother, and after it reached there, the defendant personally took the car to Trumbower-Dietrich Company and instructed the shop foreman, a Mr. Horn, to make the repairs. After the car had been repaired, the amount was filled in on the check. It was then presented to the bank upon which it was drawn. However, payment was refused because of insufficient funds. After this, plaintiff, through his son Stanley, made several demands upon defendant to pay, but he refused. Plaintiff paid the motor car company, and this suit was to recover the amount paid.

The reasons assigned are the usual ones, that the verdict was against the law and the verdict was against the evidence. There is nothing in those reasons. We are entirely satisfied with the verdict, and the defendant morally should pay this verdict; nor is there anything in the third and fourth reasons, which refer to the court's sustaining plaintiff's objection to the question asked defendant by Mr. McCarthy, "Did he prosecute your brother?" and to sustaining the

plaintiff's objection to defendant's offer to prove by the records in the case of Commonwealth v. Henry Lipsky, that Stanley Becker, who was the agent of his father, John Becker, prosecuted Harry Lipsky for the larceny of the automobile. Those offers were based upon defendant's allegation that it was part of the agreement between the plaintiff and the defendant that the plaintiff should not prosecute or institute any action, civil or criminal, against Henry Lipsky. The trial judge ruled out any reference to the criminal suit because, if the plaintiff promised not to institute the criminal suit against Henry Lipsky, such a promise is illegal and void. It is scarcely necessary to cite authorities for that proposition. In Stout v. Rassel, 2 Yeates 334, the facts were very similar to the facts in the present case. They are: C, after swindling A out of considerable money, left the vicinity and hid in a neighboring county. A pursued and found him. B promised A to pay his demand against C if A would allow C to go at liberty. A assented, and C was set at liberty. B did not pay the sum agreed, and A sued him on his promise. B urged that A's purpose in pursuing C was not to sue him for his demands, but to prosecute him for a cheat and conspiracy. Held, affirming the lower court, that if the promise was made in consideration of C's escaping prosecution, A could not recover. An agreement to stifle a criminal prosecution cannot be considered either as a basis of a claim or as a defense to an action. No matter what the form of the transaction may be, whether it is a deed, or a bond, or a contract, if the consideration is an agreement not to prosecute a criminal suit, it cannot be enforced except as to such cases as the law permits the parties to settle. This charge was larceny. It could not be settled. See Conmey v. Macfarlane, Admr., 97 Pa. 361; Pearce et ux. v. Wilson et al., 111 Pa. 14; Riddle et ux. v. Hall, 99 Pa. 116.

Another reason assigned was that plaintiff's proof did not correspond with the allegations in the statement. Plaintiff did allege in his statement of claim: "On or about the aforesaid fifteenth day of October 1931, the defendant by his negligence caused said damages to be done to the plaintiff's automobile, as aforesaid." That was a mistake. The damage to the automobile, as shown above, was caused by Harry Lipsky. However, the action was assumpsit and not trespass, and the statement shows that the plaintiff declared on an oral contract with the defendant. The statement could have been amended at the time of trial, and, if it were necessary, it could be amended now. We would not grant a new trial.

The motion for judgment n. o. v. presents the serious question. Anthony W. Lipsky is a brother of Harry Lipsky who damaged the automobile. In Powell v. Perkins, 211 Pa. 233, Mr. Justice Mestrezat said: "It is elementary law that an infant is liable in an action ex delicto for injuries inflicted by him upon the person or property of another. He cannot appear and defend in person or by attorney, but only by guardian, general or ad litem." The plaintiff could have recovered against Harry Lipsky, but his statement of claim sets out that he forbore to bring suit against Harry on the defendant's promise to pay him for repairs. Forbearance is a good consideration if the plaintiff had any claim against Anthony Lipsky. The learned counsel for the plaintiff cites Brown & Co., Inc., v. Standard Hide Co., 301 Pa. 543, and York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585, and particularly the following citation from 13 C. J. 342: "The waiver of a right or forbearance to exercise the same is sufficient consideration for a promise made on account of it. The right may be legal or equitable, certain or doubtful, provided it be not utterly groundless, . . ."

In 13 C. J. 316 it is said: "There is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss

or detriment to him or actual benefit to the promisor or not." At page 344 it is said: "Refraining from bringing a suit may furnish a consideration. The actual forbearance, or the promise to forbear to prosecute a claim on which one has a right to sue is universally held to be sufficient consideration."

Nor does it make any difference that the promisor received no consideration. In Brice v. Clark, 8 Pa. 301, Mr. Justice Burnside said: "So an agreement to give up and forbear to sell the goods of a third person, against which the plaintiff had a bill of sale for a debt, is a sufficient consideration:" . . .

In Giles v. Ackles, 9 Pa. 147, an execution was issued against Brown. Giles promised to pay Brown's debt if the plaintiff would stay the writ, and he was compelled to pay. See also Harmony Creamery Co. v. Bickerton, 57 Pa. Superior Ct. 651. The defendant took this automobile to the motor company, and ordered it to repair it. When he refused to pay its bill, that company could have sued him, or the suit could have been brought in the name of the motor company to the use of the present plaintiff. The same result was accomplished by suing the defendant on the promise which he made to pay the plaintiff if the plaintiff did not sue his brother Harry for damages to the automobile. Such a contract is enforceable at law.

And now, January 22, 1934, motion for judgment n. o. v. is refused, and rule is discharged, and judgment is directed to be entered on the verdict in favor of the plaintiff, and the evidence taken upon the trial is certified and filed and made part of the record. The motion for a new trial is refused.

From Henry D. Maxwell, Easton, Pa.