MacCorkell *v.* Homer Building & Loan Association, Appellant.

Argued October 4, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*B. I. deYoung,* and with him *B. Leon Brenner,* for appellant.

*H. Leon Bennett,* and with him *Edward Harshaw,* for appellee.

Opinion by Trexler, P. J., December 18, 1934:

The question submitted by the appellant is, Where defendant is sought to be charged with liability created by an alleged agent, and there is no proof whatsoever of agency, can a verdict against defendant be sustained? Of course, there can be no liability attaching if there is no proof of agency. The trouble is that the question is not accurately put. A reading of the record shows that there was proof of agency.

This was a suit in assumpsit brought by appellee against the Homer Building and Loan Association demanding payment for work and labor done at an apartment house covering the period from September, 1930 to December, 1930. He had been working there off and on for eight years. For four years prior to

September, 1930 Joseph Tichman, superintendent of the apartment house had given the orders to Mac-Corkell. The work had always been paid for upon submission of the bill. It is not denied that Joseph Tichman was the superintendent of the apartment house, that he looked after the upkeep of the apartment and after the repairs of the building, and occupied the superintendent's apartment in it so designated by a plate on the door. During that time the defendant association was in possession of the building as mortgagee, it received the benefit of the rents and was required to pay the mortgage interest, taxes and building and loan association dues, or according to some testimony it received the net income after these things were paid. It is, however, admitted in the pleadings, which were offered in evidence that, as mortgagee, the defendant association, rented the premises to various tenants, operated the apartment house and received the rents thereof. We have, therefore, a condition of affairs admitting possession and the complete beneficial use of the building. The fact is that the work for which payment is sought was done at the request of the superintendent whose duty it was to have repairs made and apparently there was no interruption in the nature of the employment of the superintendent by reason of the taking over of the premises by the association, as mortgagee: Edwards & Strong v. Power Gasoline Co., 109 Pa. Superior Ct. 252, 167 A. 487; Groda v. Am. Stores Co., 315 Pa. 484, 488, 173 A. 419.

We think the court was right in submitting to the jury whether the facts supported the conclusion that the superintendent was authorized by the company to order the work to be done. One thing is certain that the work done was for the benefit of the association. The keeping the building in proper condition was for the benefit of the mortgagee in possession. It seems

to us that the jury could reasonably infer that when the association took possession of the property and took the rents and things were allowed to go on the same way as they had been before, and the duties of the superintendent remained the same the purchase of materials and the ordering of work by him was within the apparent scope of his agency and the association was liable.

We are all of opinion that the judgment should be affirmed.

The judgment is affirmed.